Lodged order

ORIGINAL

FILED
2012 MAY 10 PM 3:48
CLERK U.S. DISTRICT COURT CENTRAL DIST. OF CALIF. LOS ANGELES
BY

Dominique R. Shelton (SBN 157710)
Erin L. Pfaff (SBN 259349)
EDWARDS WILDMAN PALMER LLP
9665 Wilshire Blvd., Suite 200
Beverly Hills, CA. 90212
Telephone: (310) 860-8700
Facsimile: (310) 860-3800
dshelton@edwardswildman.com
epfaff@edwardswildman.com

Attorneys for Plaintiffs,
EDROP-OFF CHICAGO LLC and
CORRI MCFADDEN

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

EDROP-OFF CHICAGO LLC and CORRI MCFADDEN

Plaintiffs,

v.

NANCY R. BURKE, MIDLEY, INC. d/b/a PURSEBLOG.COM, and DOES 1-10 inclusive

Defendant.

CASE No. CV12 04095 GW FMOx

**NOTICE OF APPLICATION AND *EX PARTE* APPLICATION OF PLAINTIFFS EDROP-OFF CHICAGO LLC and CORRI MCFADDDEN FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION; [FRCP 65]**

Date: May 11, 2012
Time: 8:30 a.m.
Courtroom:
Judge:
Action Filed: May 10, 2012
Trial Date: TBD

# *EX PARTE* APPLICATION

eDrop-Off Chicago LLC ("eDrop-Off") and Corri McFadden ("McFadden") (collectively "Plaintiffs) hereby applies *ex parte* to this Court for a temporary restraining order ("TRO") :

1. Forcing Defendant Nancy R. Burke a/k/a BeenBurned ("BeenBurned"), and Defendant Midley, Inc. d/b/a PurseBlog.com ("PurseBlog") (collectively "Defendants") to remove the false, disparaging and defamatory statements that have been published to PurseBlog's online discussion forum, called PurseForum, located at http://forum.purseblog.com/ebay-forum/another-cheating-shill-bidder-big-time-seller-748563-2.html ("the Defamatory Blog").

2. Restraining and enjoining Defendant PurseBlog from enabling or facilitating users of its website and discussion forum to post false, disparaging or defamatory comments about Plaintiffs.

3. Restraining and enjoining Defendant BeenBurned from posting false, disparaging or defamatory comments about Plaintiffs on PurseBlog's website or anywhere else accessible by a third party.

Good cause exists for the foregoing Order. As set forth in the accompanying *Memorandum of Points and Authorities* and supporting papers filed herewith, Defendant BeenBurned's false, disparaging and defamatory comments about Plaintiffs on Defendant PurseBlog's online discussion has spawned an unwarranted outcry against Plaintiffs, which has caused, and is continuing to cause, irreparable harm and damage to their business, brand and reputation. As a direct result of the defamation, trade libel and trademark infringement perpetuated by Defendants, existing clients have already rescinded and/or terminated their relationship with eDrop-Off, and prospective clients have decided not to transact business with Plaintiffs going forward. Accordingly, it is imperative that the defamatory content at issue immediately be

restrained and enjoined in order to mitigate against further irreparable damage to Plaintiffs.

Respectfully submitted,

Dated: May 10, 2012

EDWARDS WILDMAN PALMER LLP

Dominique Shelton

Dominique R. Shelton
Erin L. Pfaff
EDWARDS WILDMAN PALMER LLP
9665 Wilshire Boulevard, Suite 200
Los Angeles, CA 90212
Telephone: (310) 860-8700

Attorneys for Plaintiffs
eDrop-Off Chicago LLC and Corri McFadden

# TABLE OF CONTENTS

Page


INTRODUCTION .......... 1

STATEMENT OF RELEVANT FACTS .......... 2

ARGUMENT .......... 4

- A. There is a Substantial Likelihood of Success On the Merits Therefore This Court Should Enjoin Defendant's Defamation and Trade Libel .......... 4
- B. The Benefit to Plaintiffs of an Injunction Far Outweighs Any Conceivable Harm to Defendants .......... 5
- C. There is no Benefit to the Public in Defendants' Continued Activities .......... 5

CONCLUSION .......... 6

# TABLE OF AUTHORITIES

**Cases**

*Ayres v. City of Chicago*
125 F. 3d 1010 (7th Cir. 1997) ..... 5

*Grooms v. Legge*
2009 U.S. Dist. LEXIS 21456, 11-12 (S.D. Cal. Mar. 17, 2009) ..... 4

*Raich v. Ashcroft*
32 F. 3d 1222 (9th Cir. 2003) ..... 4

*Sammartano v. First Judicial Dist. Ct. in & for County of Carson*
303 F.3d 959 (9th Cir. 2002) ..... 5

*Stuhlbarg Intl Sales Co., Inc. v. John D. Bush & Co., Inc.*
240 F. 3d 832 (9th Cir. 2001) ..... 4

*U.S. Cellular Inv. Of Los Angeles, Inc.* v. *AirTouch* Cellular
2000 WL 349002, at *5 (C.D. Cal. March. 27, 2000) ..... 4

# INTRODUCTION

Plaintiff Corri McFadden ("McFadden") founded Plaintiff eDrop-Off Chicago LLC ("eDrop-Off") (collectively "Plaintiffs") in 2004. From the moment her premier eBay store launched, McFadden built her brand identity around three principles – i.e., integrity, quality and customer satisfaction. These principles pervade eDrop-Off's business model and professional practices. McFadden has worked vigorously over the past seven (7) years to build and establish a brand and reputation that is honest, valued and transparent. Plaintiffs adhere to strict internal policies that expressly prohibit the conduct that Defendant Nancy R. Burke a/k/a BeenBurned ("BeenBurned") has falsely accused them of committing on Defendant Midley, Inc. d/b/a PurseBlog.com's online discussion forum ("PurseBlog") (BeenBurned and PurseBlog are collectively referred to as "Defendants). Plaintiffs also own the intellectual property that is being improperly used by Defendants as a mechanism for promoting PurseBlog and apparently Nancy Burke's own resell business.

Plaintiffs bring this action to obtain immediate removal of the defamatory, infringing and otherwise unlawful content at issue, which is necessary in order to mitigate against further irreparable damage to their business and reputation. As a direct result of the defamation, trade libel and trademark infringement perpetuated by Defendants, existing clients have already rescinded and/or terminated their relationship with eDrop-Off, and prospective clients have decided not to transact business with Plaintiffs going forward, for no good reason, and solely on the basis of Defendants repeated false statements accusing eDrop-Off of illegal conduct when none occurred. In addition to the rapid and widespread dissemination of misinformation to existing and prospective customers, Defendants' conduct is severely damaging to Plaintiffs' business reputation and must be stopped. That Plaintiffs' customers have already actually started to believe that eDrop-Off's established business is "shady" and employs deceptive and unlawful practices, such as shill

bidding, evidences that Plaintiffs' goodwill has been damaged and is squarely at risk in the future unless Defendants are enjoined from further posting further damaging and false statements about Plaintiffs' business. Accordingly, Plaintiffs are entitled to a temporary restraining order on the following specific grounds:

1. First, there is a substantial likelihood of success on the merits because Defendants are posting false and defamatory statements on the Internet about Plaintiffs' business practices and reputation, which constitutes defamation *per se* and trade libel.

2. Second, Defendant PurseBlog is infringing on Plaintiffs' trademark by enabling the BeenBurned, as well as other users of its website, to use "eDrop-Off" throughout its website as a way to generate traffic, buzz and apparently ad revenue for Defendant PurseBlog. This unauthorized use is a blatant violation of McFadden's common law trademark rights.

2. Third, Plaintiffs have suffered and will continue to suffer irreparable harm if an injunction is denied.

3. Fourth, Defendants have no right to defame or infringe, or to facilitate the defamation and infringement of Plaintiff's name, brand, business, reputation, or trademark whatsoever, therefore the real injury to Plaintiffs (in terms of infringement of its mark, loss of company good will and lost profits) far outweighs any possible damage to Defendants in ceasing and desisting its defamatory and infringing conduct – because no harm exists for Defendants in ceasing their wrongful conduct.

4. Fifth, There is no public interest served in deceiving eDrop-Off's customers or the community that Plaintiffs are engaged in unlawful and deceptive sales practices when they are not.

## STATEMENT OF RELEVANT FACTS

On May 3, 2012 at 3:51p.m., BeenBurned posted a false and defamatory blog entry was posted to PurseBlog's online discussion forum, called PurseForum, located

at http://forum.purseblog.com/ebay-forum/another-cheating-shill-bidder-big-time-seller-748563-2.html (the "Defamatory Blog"). The Defamatory Blog has spawned an unwarranted outcry against the legitimate business practices of eDrop-Off—as evidenced by over 150 posts (and counting) replying to BeenBurned's blog entry, as well as links to the Defamatory Blog from third party sites, such as Yelp.com—which continues to unjustly tarnish eDrop-Off's good will and impeccable reputation, and cause McFadden (eDrop-Off's owner and founder) severe distress, not to mention monetary harm to the business in terms of loss sales. Declaration of Corri McFadden in Support of TRO ("McFadden Decl.") ¶ 14.

McFadden founded eDrop-Off in 2004 and has worked vigorously to establish a brand and business that is recognized throughout the industry as one that is characterized by honesty, quality and integrity. *Id.* at ¶¶ 1-2. The fact that eDrop-Off has an eBay positive rating of 99.4%, a feedback rating of 67,974 and has reached Titanium Power Seller status (i.e. over 150,000 successful transactions) is a clear testament to Plaintiffs' steadfast commitment to honest and fair business practices. *Id.* at ¶¶ 12. Plaintiffs further ensures adherence to such practices with its Consignment Agreement, which must be signed by all consignors seeking to auction their goods through eDrop-Off. *Id.* at ¶¶ 8-9. More specifically, among the specific warranties and representations set forth in the legally binding agreements, consignors must agree to eDrop-Off's Shill Bidding Policy, which states:

> In accordance with the terms and conditions of Ebay's policy, Consignors are prohibited from participating in Shill Bidding, where Consignor's bid on their own items. In the event a Consignor participates in Shill Bidding, eDrop-Off reserves the right to take whatever action is necessary to insure that the Consignor and eDrop-Off are in compliance with the terms and conditions of Ebay's policy. This includes, but is not limited to, action to compensate for damages or fees and removal of the Ebay listing.

*Id.* at ¶ 9.

Simply put, Plaintiffs have zero tolerance for shill bidding, or otherwise rigged auctions, contrary to the baseless assertions in the Defamatory Blog. *Id.* at ¶ 10. In addition to the self-regulatory steps that Plaintiffs take to ensure that eDrop-Off's policies (e.g. prohibiting shill bidding) are not being violated, eBay also routinely investigates its Top Sellers, such as eDrop-Off, to ensure adherence to the many policies it has established, including its own zero tolerance policy for shill bidding (*see* http://pages.ebay.com/help/policies/seller-shill-bidding.html). Indeed, immediately upon learning about BeenBurned's false blog entry, Ms. McFadden contacted eBay to requesting that it investigate the allegations. *Id.* at ¶ 6, and Exh "A", attached thereto. Ultimately, eBay confirmed that it thoroughly investigated the eDrop-Off auction account and determined that no shill bidding violation had ever taken place.

Cease and desist letters were sent to Defendants on May 8, 2012. See Declaration of Dominique R. Shelton in support of TRO ("Shelton Decl."), Exh. "A."

## ARGUMENT

### A. There is a Substantial Likelihood of Success On the Merits Therefore This Court Should Enjoin Defendant's Defamation and Trade Libel.

The "standard for issuing a temporary restraining order is the same as the standard for issuing a preliminary injunction." *U.S. Cellular Inv. Of Los Angeles, Inc.* v. *AirTouch* Cellular, 2000 WL 349002, at *5 (C.D. Cal. March. 27, 2000). A preliminary injunction should issue where there is probable and/or likelihood of success on the merits. *Raich v. Ashcroft* 32 F. 3d 1222, 1227 (9th Cir. 2003); *Stuhlbarg Intl Sales Co., Inc. v. John D. Bush & Co., Inc.* 240 F. 3d 832, 839-840 (9th Cir. 2001).

As Plaintiffs will prevail on all of their claims in this case because the Defendants claims are false and they do not have the right to use Plaintiffs' trademark or trade name to promote the PurseBlog website, a TRO should issue to prevent

further harm to Plaintiffs' business and reputation in the community. *Grooms v. Legge,* 2009 U.S. Dist. LEXIS 21456, 11-12 (S.D. Cal. Mar. 17, 2009) (granting TRO application in case involving defamatory posts on Facebook and trademark infringement where plaintiffs had shown that defendants had already interfered with customer relationships – similar to the posts at issue on the PurseBlog site).

**B. The Benefit to Plaintiffs of an Injunction Far Outweighs Any Conceivable Harm to Defendants.**

Defendants do not have any right to post false, disparaging and/or defamatory content about Plaintiffs, nor do they have the right to use Plaintiffs' registered trademark for self-serving purposes. Accordingly, there is no real hardship in preventing Defendants from engaging in their illegal and unauthorized conduct. On the other hand, for the reasons outlined above (e.g., damage to Plaintiffs' reputation, name recognition, standing in the community and lost profits) Plaintiffs will be irreparably harmed if Defendants' flagrant violations are permitted to continue. Accordingly the equities balance in favor of issuing the preliminary injunction. *Ayres v. City of Chicago* 125 F. 3d 1010, 1013 (7th Cir. 1997) (recognizing that even "a plaintiff who does not have a very high probability of ultimately prevailing will be entitled to preliminary relief if he faces very great irreparable harm and the defendant very little").

**C. There is no Benefit to the Public in Defendants' Continued Activities.**

The public interest favors the issuance of an injunction in this case because there is utility in eliminating rampant defamation on the Internet that can unjustly and irreparably destroy the reputation and good will that small business owners, such as McFadden, spend years cultivating, in addition to protection of intellectual property. On the other hand, there is no utility, whatsoever, to the public in Defendants' widespread dissemination of misinformation about Plaintiffs business practices, authenticity and customer relations, which merely misleads and creates distrust among

Plaintiffs' existing and prospective customers. *Sammartano v. First Judicial Dist. Ct. in & for County of Carson* 303 F.3d 959, 974 (9th Cir. 2002) (the public interest inquiry addresses the impact of an injunction on nonparties). This is particularly true where eBay has confirmed on numerous occasions that **no shill bidding is taking place** on eDrop-Off's account.

## CONCLUSION

Because Defendants have flagrantly violated state and federal laws, and infringement and actual customer confusion have resulted and will continue to occur, this Court should enter a temporary restraining order requiring the removal of all false, defamatory and infringing content about eDrop-Off and McFadden published by Defendants and setting an order to show cause for preliminary injunction.

Respectfully submitted,

Dated: May 10, 2012

EDWARDS WILDMAN PALMER LLP

Dominique Shelton

Dominique R. Shelton
Erin L. Pfaff
EDWARDS WILDMAN PALMER LLP
9665 Wilshire Boulevard, Suite 200
Los Angeles, CA 90212
Telephone: (310) 860-8700

Attorneys for Plaintiffs
eDrop-Off Chicago LLC and Corri McFadden