UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# CIVIL MINUTES - GENERAL

| Case No. | CV 12-4095 GW (FMOx) | Date | May 11, 2012 |
|---|---|---|---|
| Title | *eDrop-Off Chicago LLC, et al. v. Burke, et al.* | | |

| Present: The Honorable | GEORGE H. WU, United States District Judge | |
|---|---|---|
| Javier Gonzalez | | Not Present |
| Deputy Clerk | | Court Reporter |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| None Present | | None Present |

**Proceedings:** (IN CHAMBERS): **ORDER DENYING EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER AND SETTING BRIEFING AND HEARING SCHEDULE RE PRELIMINARY INJUNCTION**

On May 10, 2012, plaintiffs eDrop-Off Chicago LLC ("eDrop") and Corri McFadden ("McFadden" and, together with eDrop, "Plaintiffs") filed suit against Nancy R. Burke ("Burke"), and Midley, Inc. dba Purseblog.com ("Midley" and, together with Burke, "Defendants"), asserting six claims for relief: 1) defamation, 2) trade libel, 3) common law trademark infringement, 4) intentional interference with contractual relations, 5) intentional interference with prospective economic advantage, and 6) declaratory relief. eDrop is an Illinois limited liability company, McFadden is an Illinois citizen, Burke is a resident of Massachusetts and Midley is a Florida corporation with a principal place of business in that state. Plaintiffs assert that the Court has subject matter jurisdiction due to the existence of complete diversity. *See* Complaint ¶ 11. When they filed their Complaint, Plaintiffs also moved *ex parte* for a temporary restraining order. That *ex parte* application is denied.

However, the Court converts the application to a motion for preliminary injunction. Assuming that Plaintiffs properly serve their papers and this Order on Defendants, and provide them with sufficient notice, a hearing on whether a preliminary injunction should issue will take place on Monday, June 4, 2012, at 8:30 a.m. Plaintiffs, if they choose to do so, may file, by Wednesday, May 16, 2012, a supplemental "opening" brief in support of a preliminary injunction addressing the issues raised in this order denying their requested *ex parte* relief (along with any other issues they see fit to address). Defendants, if properly and sufficiently served with Plaintiffs' Complaint and their *ex parte* and motion papers, may file an opposition brief by Wednesday, May 23, 2012. Any reply brief must be filed by Wednesday, May 30, 2012.

Plaintiffs' case concerns allegations that Defendants are improperly ascribing to Plaintiffs improper business practices in the Internet auction industry. In the most-emphasized example, Defendants allegedly accuse Plaintiffs (who run a "multi-million dollar online luxury apparel boutique"

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

exclusively by way of auctions on eDrop's own website and eBay) of "shill bidding" – in essence, using false bids to boost auction prices on items they sell.  *See* Complaint ¶¶ 3, 6, 16-17.  Plaintiffs also allege that Burke's "disparaging comments" on Midley's purseblog.com ("Purseblog") blog "constitute an improper and infringing use of McFadden's [common law] trademark."  Complaint ¶¶ 4, 46-47.  By way of this proceeding, Plaintiffs ask that the Court force Defendants to remove their existing statements from Purseblog's online discussion forum, restrain and enjoin Purseblog from enabling or facilitating users of its website and discussion forum to post false, disparaging or defamatory comments about Plaintiffs, and restrain and enjoin Burke herself from posting false, disparaging or defamatory comments about Plaintiffs on Purseblog or anywhere else accessible by a third party.

There are several reasons why Plaintiffs' *ex parte* application is denied.  First, and perhaps foremost, Plaintiffs have not sufficiently alleged the existence of this Court's subject matter jurisdiction.  Limited liability companies, such as eDrop, have their citizenship measured not by their own state of organization or principal place of business, but by the citizenship of each of their *members*.  *See Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) ("[E]very circuit that has addressed the question treats [LLCs] like partnerships for the purposes of diversity jurisdiction.").  Plaintiffs have not alleged the *identity* of eDrop's members, much less the *citizenship* of the members.  *See* Complaint ¶ 6.  This Court has an obligation to inquire into – and may not proceed where it lacks – subject matter jurisdiction, *see, e.g.*, *Meredith v. Oregon*, 321 F.3d 807, 816 (9th Cir. 2003), and it is the party who asserts the existence of such jurisdiction who bears the burden of sufficiently alleging or demonstrating it.  By itself, this would cause the Court to deny the requested relief, even if a dispute as to jurisdiction does not always preclude granting such relief.  *See* Schwarzer, Tashima, et al., California Practice Guide: Federal Civil Procedure Before Trial ("Schwarzer & Tashima") (2011) §§ 13:19-20, at 13-10 – 13-11.

Second, given the fact that Defendants are an individual Massachusetts resident[1] and a corporate citizen of Florida (allegedly owned by two New York City residents), *see* Complaint ¶¶ 8-9, the Court has sufficient reason to question whether personal jurisdiction would even exist over them.  *See Paccar Int'l, Inc. v. Commercial Bank of Kuwait, S.A.K.*, 757 F.2d 1058, 1061 (9th Cir. 1985) (vacating order granting preliminary injunction where district court lacked personal jurisdiction over defendant); *see also* Schwarzer & Tashima (2011) § 13:21, at 13-11.  Obviously, their mere location outside of California does not preclude such a finding, but the connection to the forum is made even more suspect given the fact that neither of the Plaintiffs are California citizens.  eDrop is an Internet-based business that transacts its business nationwide and "particularly" – whatever that might mean – "in Los Angeles, California," whereas McFadden "regularly travels to, and conducts business in, Los Angeles, California as the founder and owner of [eDrop], and star of the VH1 reality television series, *House of Consignment*."  Complaint ¶¶ 6-7.

Third, Plaintiffs have not demonstrated any measure of compliance with Federal Rule of Civil Procedure 65(b)(1)(B), which permits the issuance of a temporary restraining order without notice to the adverse party (or the adverse party's attorney) "only if...the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required."  As with the subject matter

---

[1] Even this assertion is deficient (and must also be cured) when it comes to Plaintiffs' subject matter jurisdiction allegation.  *See Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857-58 (9th Cir. 2001).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

jurisdiction issue noted above, this by itself would be sufficient to deny Plaintiffs' requested emergency relief. *See Reno Air Racing Ass'n, Inc. v. McCord*, 452 F.3d 1126, 1131-32 (9th Cir. 2006); Schwarzer & Tashima (2011) §§ 13:7.1-7.2, at 13-4 – 13-5; *id.* § 13:91.1, at 13-55; *id.* § 13:97, at 13-57; *id.* § 13:99, at 13-58; *id.* § 13:101, at 13-58 – 13-59. The fact that Plaintiffs' counsel sent cease and desist letters *before this action was filed* does not serve to satisfy Rule 65's requirements.

Fourth, in order to obtain a temporary restraining order, or even a preliminary injunction, Plaintiffs will have to be able to demonstrate that their injuries are not compensable by an award of monetary damages.[2] Their ability to do so may differ depending upon which of their six claims for relief is concerned. Plaintiffs assert that their reputations are being damaged and that they are losing sales from would-be customers who read Defendants' alleged falsities on the Internet. Unquestionably, this may make calculation of damages somewhat difficult (though Plaintiffs have cited to at least five specific existing or potential customers who they allege have been dissuaded from dealing with them as a result of Burke's comments, *see* Complaint ¶¶ 22-24, 51, 53), but Plaintiffs will have to demonstrate this is sufficient. In their favor, there are cases which would support the conclusion that loss of prospective customers and goodwill in the trademark arena is sufficient irreparable harm. *See, e.g.*, *Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co., Inc.*, 240 F.3d 832, 841 (9th Cir. 2001); *Grooms v. Legge*, No. 09cv489-IEG-POR, 2009 U.S. Dist. LEXIS 21456, *30 (S.D. Cal. Mar. 17, 2009); *see also Rent-A-Center, Inc. v. Canyon Tele. & Appliance*, 944 F.2d 597, 603 (9th Cir. 1991) (affirming finding of *possible* irreparable harm). *But see eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 394 (2006); *Los Angeles Mem'l Coliseum Comm'n v. NFL*, 634 F.2d 1197, 1202 (concluding that lost revenues were monetary damages that could be remedied by damages award, and noting that plaintiff had also alleged it would suffer "loss of substantial goodwill" without injunctive relief).

Fifth, at least in connection with their defamation claim, Plaintiffs would seemingly have to persuade the Court that First Amendment concerns should not dominate any consideration of what would, in effect, be a "prior restraint" of Defendants' speech activities if the purpose of the requested relief is to preclude *future* statements – and part of it clearly is. *See Overstreet v. United B'hood of Carpenters & Joiners of Am., Local Union No. 1506*, 409 F.3d 1199, 1218 (9th Cir. 2005); *Hunt v. Nat'l Broad. Co., Inc.*, 872 F.2d 289, 293-95 (9th Cir. 1989); *see also* Schwarzer & Tashima (2011) § 13:65.2, at 13-33 – 13-34 *But see Dr. Seuss Enters., L.P. v. Penguin Books USA, Inc.*, 109 F.3d 1394, 1403 n.11 (9th Cir. 1997). Moreover, they seek, at least in part, a mandatory injunction, which is subject to special scrutiny. *See* Schwarzer & Tashima (2011) § 13:79.5, at 13-42.

Sixth, even if there would be room for a "prior restraint" if it could be convincingly shown that Defendants' claims were undeniably false, Plaintiffs' defamation claim obviously will be dictated by the truth or falsity of Burke's accusations on Purseblog. Plaintiffs have certainly alleged that they are untrue and point to statements by eBay supporting that conclusion, but at this point in time the Court has only one side's view in what very well may amount to a "he said, she said" debate. A determination that

---

[2]In order to obtain the requested relief, Plaintiffs must demonstrate that they are likely to succeed on the merits, that they are likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tip in their favor and that an injunction is in the public interest. *See, e.g.*, *Winter v. Nat'l Res. Def. Council, Inc.*, 555 U.S. 7 (2008); *Toyo Tire Holdings of Ams. Inc. v. Continental Tire N. Am., Inc.*, 609 F.3d 975, 982 (9th Cir. 2010); *Am. Trucking Ass'n, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009) .

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# CIVIL MINUTES - GENERAL

Plaintiffs are likely to prevail on the question of whether Burke's statements were indeed false would be exceedingly difficult given this procedural posture.

Finally,[3] with respect to Plaintiff's claim for infringement of their common law trademark rights in "eDrop-Off," the Court would question why Plaintiffs feel they would be likely to prevail in demonstrating that consumers would be confused into believing that Defendants' allegedly *disparaging, harmful and defamatory* use of "eDrop-Off" was, nevertheless, *Plaintiffs'* own use or a use that was authorized by Plaintiffs. *See Toho Co., Ltd. v. Sears, Roebuck & Co.*, 645 F.2d 788, 791 (9th Cir. 1981) (indicating that California common law trademark infringement "focuses on the likelihood of confusion as to source or sponsorship" and that without likelihood of confusion there is no common law infringement); *see also Carter-Wallace, Inc. v. Procter & Gamble Co.*, 434 F.2d 794 (9th Cir. 1970).

In sum, the Court denies the requested relief, but sets a briefing and hearing schedule on the issue of whether a preliminary injunction is appropriate.

The Court further orders the Court Clerk promptly to serve this order on all parties who have appeared in this action.

---

[3] This is not to say that there are not still further roadblocks to the relief Plaintiffs request, given that the Court has not yet been given the benefit of hearing from Defendants with respect to this matter.