**GREENBERG TRAURIG, LLP**
Ian C. Ballon (SBN 141819)
Wendy Mantell (SBN 225544)
Lori Chang (SBN 228142)
1840 Century Park East, Suite 1900
Los Angeles, California 90067
Telephone: (310) 586-7700
Facsimile: (310) 586-7800
Email: ballon@gtlaw.com,
mantellw@gtlaw.com,
changl@gtlaw.com

Attorneys for defendant, Midley, Inc.
d/b/a Purseblog.com

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDROP-OFF CHICAGO LLC and CORRI MCFADDEN<br><br>Plaintiffs,<br><br>vs.<br><br>NANCY R. BURKE, MIDLEY, INC. dba PURSEBLOG.COM, and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO. CV12 04095-GW FMOx<br><br>**OPPOSITION BY DEFENDANT MIDLEY, INC., d/b/a PURSEBLOG.COM TO PLAINTIFFS' *EX PARTE* MOTION FOR VOLUNTARY DISMISSAL**<br><br>**DEMAND FOR JURY TRIAL** |

## I. INTRODUCTION

Plaintiffs filed this motion for ex parte relief to dismiss this case without prejudice in aid of forum shopping (for better law and a different judge) and to avoid defendant's anticipated anti-SLAPP motion seeking dismissal of this case WITH PREJUDICE and recovery of attorneys' fees. Plaintiffs' ex parte motion—which in any case should have been brought as a noticed motion, not on an ex parte basis—should be denied.

This is a frivolous action preempted by Section 230 of the Communications Decency Act ("CDA"), 47 U.S.C. 230(c). Under Ninth Circuit law, *all* of plaintiffs' claims against Purseblog, which are based on user posts, are preempted by the CDA. *See Perfect 10, Inc. v. CCBill, Inc.*, 488 F.3d 1102, 1118 (9th Cir.), *cert. denied*, 522 U.S. 1062 (2007) ("'The majority of federal circuits have interpreted the CDA to establish broad 'federal immunity to any cause of action that would make service providers liable for information originating with a third-party user of the service.'"").

Plaintiff's attempt to abruptly dismiss this action reflects nothing more than crass forum shopping. Plaintiffs unsuccessfully sought a TRO in this court on Friday, May 11, 2012 and, even though a preliminary injunction ("PI") motion is scheduled in this case for June 4, 2012, subsequently filed an identical lawsuit in the Northern District of Illinois ("Chicago action") later that same day seeking entry of the same proposed TRO denied by this Court on multiple grounds that morning (plaintiffs scheduled a hearing seeking the very same relief denied by this Court on Friday, May 11 has been scheduled in Chicago for Tuesday, May 15; defendant Midley, Inc., d/b/a Purseblog.com ("Defendant" or "Purseblog"), among other things, is contesting personal jurisdiction in the Chicago action and seeking dismissal or a stay based on plaintiff's forum shopping for a different judge and a different venue where it hopes to avoid Purseblog's anti-SLAPP motion and the application of Ninth Circuit law). This is nothing more than crass forum shopping. Purseblog has filed an Answer in this case, intends to appear to oppose the PI motion and, as noted in its Answer, intends to file an anti-SLAPP motion under California law (which it asked counsel to stipulate to it being heard at the same time as

the PI motion) seeking dismissal with prejudice and recovery of its attorneys' fees. *See* Cal. Code Civ. Proc. § 425.16 (anti-SLAPP statute); *Barrett v. Rosenthal*, 40 Cal. 4th 33, 41 (Cal. 2006) (affirming the propriety of awarding sanctions under California's anti-SLAPP motion where a plaintiff's claims are preempted by the CDA); *Batzel v. Smith*, 333 F.3d 1018, 1025-26 (9th Cir. 2003) ("Because California law recognizes the protection of the anti-SLAPP statute as a substantive immunity from suit, this Court, sitting in diversity, will do so as well.").

Plaintiffs cannot and should not be allowed avoid Purseblog's anti-SLAPP motion by seeking a dismissal. *See Applied Med. Sys., Ltd. v. English*, No. 10CV1811 BEN BLM, 2011 WL 6145704, at *2 (S.D. Cal. Dec. 9, 2011) (dismissal of claims "give[s] rise to a presumption that defendants were the prevailing parties" for purposes of anti-SLAPP attorneys' fees provision); *Plevin v. City & County of San Francisco*, No. C 11-02359 CW, 2011 WL 3240536, at *4 (N.D. Cal. July 29, 2011) ("Defendant may be deemed a prevailing party entitled to attorneys' fees, even if a plaintiff voluntarily dismisses the claims that were subject to an anti-SLAPP motion to strike.").

As plaintiffs note in their ex parte motion, plaintiffs requested a voluntary dismissal of this action without prejudice so that it may proceed in Chicago to try to obtain the very same TRO denied by this Court. Purseblog does not consent to a dismissal without prejudice and asks this Court not to condone Plaintiffs' forum shopping. Purseblog is a Florida corporation with its principal place of business located in Florida, but has consented to personal jurisdiction here by filing an Answer and seeks an order under California's anti-SLAPP statute dismissing this frivolous action WITH PREJUDICE and awarding fees. Comparable relief may not be available in Chicago under Seventh Circuit or Illinois law.[1] In addition, the Seventh Circuit has yet to rule on

---

[1] While the Chicago court could apply California law, plaintiffs not surprisingly have sued under Illinois law, where comparable relief to Cal. Code Civ. Proc. § 425.16 is unavailable. Although Illinois has enacted its own anti-SLAPP law (735 Ill. Comp. Stat. 110/15), it is unclear that it applies to Internet speech, as opposed to matters involving public participation, and it may not be as broad as California's anti-SLAPP law, which is generally recognized as one of the broadest anti-SLAPP statutes in the country and one of the most protective of free speech rights (including rights guaranteed by the California Constitution, which are broader than those recognized by the First Amendment to the US

2

whether state IP claims such as plaintiff's state trademark claim are preempted by the CDA. By contrast, the Ninth Circuit held unambiguously in *Perfect 10* that all state law claims, including state law IP claims, brought against interactive computer services such as Purseblog based on user content, are preempted by the CDA. *Perfect 10*, 488 F.3d at 1118. It is therefore no wonder that *after* counsel for Purseblog notified plaintiff's counsel last Friday that all of plaintiff's claims were preempted by *Perfect 10* and that Purseblog would seek dismissal with prejudice and an award of attorneys' fees under California's anti-SLAPP statute that plaintiff filed suit in Chicago and has taken the unusual and improper step of seeking dismissal of this case on an emergency, *ex parte* basis, as it scrambles to quickly forum shop for better law and a different judge. Finally, although plaintiffs may seek to justify their forum shopping for a different judge and more favorable law on this court's finding that plaintiffs did not properly allege subject matter jurisdiction in their complaint, plaintiffs' allegations in the Chicago action make clear that there is complete diversity in this suit and therefore this court has subject matter jurisdiction. Plaintiffs are an Illinois resident and an Illinois LLC owned exclusively by Illinois residents. Complaint, ¶¶ 6-7; Chang Dec., Ex. 2 (Illinois complaint, ¶¶ 7-8). There is complete diversity in this court and no reason to believe that this court lacks subject matter jurisdiction. Plaintiffs do not want to litigate here because they know they will have a difficult time addressing the defects in their PI application identified by the Court's May 11 Order and because under *Perfect 10* their claims are preempted in the Ninth Circuit and Purseblog is therefore entitled to dismissal with prejudice and an award of attorneys' fees under California's anti-SLAPP law.

In sum, plaintiffs' ex parte motion should be denied to avoid improper forum shopping, and Purseblog should be allowed to proceed in California to obtain a dismissal with prejudice and recovery of its fees under the CDA and California's anti-SLAPP statute, which it asks this Court to calendar for a hearing at the same time as plaintiff's PI

---

Constitution). See *Snatchko v. Westfield LLC*, 187 Cal. App. 4th 469, 480 (2010) (stating that Article I, section 2, of the California Constitution is "'broader and more protective than the free speech clause of the First Amendment.'").

motion. In the alternative, Purseblog asks that the court calendar plaintiffs' application for a regularly scheduled hearing date since plaintiffs have not justified filing their motion on an ex parte basis.

## II. GROUNDS TO DENY PLAINTIFFS' EX PARTE MOTION

### A. Plaintiffs Seek To Dismiss This Case In Aid Of Rank Forum Shopping In The Northern District Of Illinois Which Lacks Personal Jurisdiction Over Purseblog

Plaintiffs seek ex parte relief to dismiss this case, even though there is no legal basis for plaintiffs' to do so, in aid of rank forum shopping in favor of Illinois where Purseblog is not subject to (and has not consented to) personal jurisdiction.

Following this Court's May 11 order denying plaintiffs' application for a TRO, Purseblog explained to plaintiffs that all of their claims were preempted by the CDA under *Perfect 10, Inc. v. CCBill, Inc.*, 488 F.3d 1102, 1118 (9th Cir.), *cert. denied*, 522 U.S. 1062 (2007), and Purseblog would file an anti-SLAPP motion under California law, which authorizes the dismissal with prejudice and award of attorneys' fees against plaintiffs who bring strategic lawsuits against public participation (in this case, the operation of a blog protected by the First Amendment, which plaintiffs seeks to censor prospectively in violation of the First Amendment and the California Constitution because a user apparently criticized its selling practices). *See* Cal. Code Civ. Proc. § 425.16 (anti-SLAPP statute); *Barrett v. Rosenthal*, 40 Cal. 4th 33, 41 (Cal. 2006) (affirming the propriety of awarding sanctions under California's anti-SLAP motion where a plaintiff's claims are preempted by the CDA). Purseblog's position, originally communicated orally, was confirmed by email on Friday, May 11, 2012. *See* Declaration of L. Chang ("Chang Dec."), Ex. 1 (May 11 email from Purseblog)  In response, plaintiffs filed a carbon copy of this lawsuit later that same day in Chicago in an attempt to circumvent an adverse ruling in this jurisdiction. *See id.*, Exs. 2-3 (complaint and motion filed in the Chicago action). Despite that this Court previously set a hearing on June 4 on their PI motion, plaintiffs filed an emergency motion seeking the same TRO

this Court denied them last Friday and set a hearing in Chicago for May 15. *See id.*, Ex. 3 (notice of emergency motion).

However, the Illinois court lacks personal jurisdiction over Purseblog, a Florida corporation whose principal place of business is also located in Florida and which has no physical presence in Illinois, in this lawsuit based on targeted conduct by an unaffiliated third party, defendant Nancy Burke, but not Purseblog. It is hornbook law that personal jurisdiction based on the "effects test" of *Calder v. Jones*, 465 U.S. 783 (1984) requires volitional conduct by the defendant. *See Brayton Purcell LLP v. Recordon & Recordon*, 606 F.3d 1124, 1128-29 (9th Cir. 2010) ("Under this test, 'the defendant allegedly must have (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state," in which express aiming "means conduct expressly aimed at the forum."); *see also Asahi Metal Indus. v. Superior Court,* 480 U.S. 102, 109 and 112 (1987) ("[M]inimum contacts must be based on an act of the defendant," and not on the unilateral act of a consumer or other third party) ("The 'substantial connection,' . . . between the defendant and the forum State necessary for a finding of minimum contacts must come about by *an action of the defendant purposefully directed toward the forum State*." (Italics in original)). Notwithstanding, Purseblog filed an Answer in this action, and intends to oppose the PI motion on the merits and seek dismissal under the CDA and California's anti-SLAPP statute. Purseblog asked plaintiffs to voluntarily dismiss it <u>with prejudice</u> from this improper action which, if at all, properly should have brought only against defendant Burke, but instead plaintiffs filed suit in Chicago and subsequently filed this ex parte motion (noticed for the same date as the Chicago TRO hearing) seeking dismissal of the California lawsuit over Purseblog's objection, and knowing that the Northern District of Illinois is an improper forum given plaintiffs' prior filing of an identical complaint against Purseblog in this jurisdiction. Chang Dec., Ex. 4 (emails sent by Purseblog on May 12 and 13).

Plaintiffs, who have subjected themselves to jurisdiction before this Court, cannot show good cause for dismissing this suit in favor of the Chicago action where Purseblog is not subject to jurisdiction. Moreover, while plaintiffs assert that "subject matter jurisdiction unequivocally exists" in Illinois, the same is true here. Plaintiffs have alleged in their Illinois complaint that "All eDrop-Off employees and members are citizens of Illinois" (*see* Chang Dec., Ex. 2 (Illinois complaint at ¶ 7)), and therefore complete diversity exists in this lawsuit as well.[2] Plaintiffs' request for voluntary dismissal without prejudice is motivated by blatant forum shopping in a jurisdiction where Purseblog is not subject to personal jurisdiction but where plaintiffs hope to find a more sympathetic judge and better law, and should be denied on these grounds. *See Kern Oil & Refining Co. v. Tenneco Oil Co.*, 792 F.2d 1380, 1389–90 (9th Cir. 1986) (upholding district court's dismissal with prejudice for lack of prosecution and refusal to grant plaintiff's motion for voluntary dismissal without prejudice based on finding of forum shopping where plaintiff sought dismissal of a claim in order to have it heard before a different court).

### B. Purseblog Will Be Prejudiced if Plaintiffs Are Allowed To Dismiss This Case Without Prejudice

Purseblog will be further prejudiced by plaintiffs' request for dismissal without prejudice because all of plaintiffs' claims are preempted by Section 230 of the Communications Decency Act ("CDA"), 47 U.S.C. § 230(c)(1), which provides that no interactive computer service provider shall be held liable as a publisher or distributor of content originating from a third-party. *See Perfect 10*, 488 F.3d at 1118-19. Specifically, the Act provides that:

---

[2] It is disengenuous for plaintiffs to use this Court's legitimate concern that subject matter jurisdiction had been inadequately pled as a pretext to engage in rank forum shopping. In fact, the reason plaintiffs were so quick to forum shop is the Court's order denying the TRO and finding that the relief sought amounts to an improper prior restraint and the fact that the Ninth Circuit and California law cited against plaintiff by Purseblog's counsel on Friday May 11 before the Chicago action was filed may be more favorable to Purseblog than Illinois law . Should plaintiffs object to subject matter jurisdicion in this Court, the issue at minimum should be briefed upon a noticed motion, and plaintiffs should be compelled to explain either why jurisdiction is proper or why it filed a complaint in California consistent with Rule 11.

> No provider or user of an interactive computer service[3] shall be treated as the publisher or speaker of any information provided by another information content provider.[4]

47 U.S.C. § 230(c)(1). Section 230 further states that:

> No cause of action may be brought and no liability may be imposed under any State or local law that is inconsistent with this section.

*Id.*, § 230(e)(3). As explained by the Ninth Circuit, "[s]ubsection (c)(1), by itself, shields from liability all publication decisions, whether to edit, to remove, or to post, with respect to content generated entirely by third parties." *Barnes v. Yahoo!, Inc.*, 570 F.3d 1096, 1105 (9th Cir. 2009). The CDA insulates both "affirmative acts of publication [and] . . . the refusal to remove . . . material." *Id.* at 1105 n.11. Moreover, the exemption from liability created by section 230 must be construed broadly and its applicability should be determined as early in a case as possible to effectuate the intended result—to protect interactive computer service providers, including blog operators such as Purseblog. *See Perfect 10*, 488 F.3d at 1118-19 (holding that the CDA establishes "broad" "federal immunity" to any state law cause of action arising out of information posted by a user).[5]

Purseblog is an interactive service provider because it operates a website that provides a neutral online forum (i.e., a blog) to users who register for free and are allowed to post comments consistent with Purseblog's terms of service. *See, e.g., Nemet*

---

[3] An **interactive computer service** is defined as "any information service, system, or access software provider that provides or enables computer access by multiple users to a computer server." *Id.* § 230(f)(2).

[4] An **information content provider** "means any person or entity that is responsible, in whole or in part, for the creation or development of information provided through the Internet or any other interactive computer service." 47 U.S.C. § 230(f)(3).

[5] *See also Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 254-55 (4th Cir. 2009) ("'[I]mmunity is an *immunity from suit* rather than a mere defense to liability' and 'it is effectively lost if a case is erroneously permitted to go to trial.' . . . . We thus aim to resolve the question of § 230 immunity at the earliest possible stage of the case because that immunity protects websites not only from 'ultimate liability,' but also from 'having to fight costly and protracted legal battles.'") (citations omitted); *Doe v. MySpace, Inc.*, 5208 F.3d 413, 418 (5th Cir. 2008) ("Courts have construed the immunity provisions in § 230 broadly in all cases arising from the publication of user-generated content.").

*Chevrolet*, 591 F.3d at 250 (affirming dismissal of a claim against a consumer criticism site as preempted under the CDA); Chang Dec., Ex. 5 (Declaration of V. Dusil, ¶ 3).[6] Here, plaintiffs assert six counts of state law claims against defendants, including defamation, trade libel and other tort claims, that are all predicated upon the alleged defamatory and injurious statements posted by a third-party user, defendant Nancy Burke, and not posted by Purseblog. The Ninth Circuit has broadly construed Section 230 of the CDA to preempt virtually all speech-based claims (not merely defamation) brought against interactive computer services for content created by others, and the claims asserted against Purseblog therefore have no merit. *See Perfect 10*, 488 F.3d at 1118-19.

However, while Ninth Circuit law under *Perfect 10* provides that even state IP claims such as plaintiffs' claim for common law trademark infringement are preempted by the CDA, the Seventh Circuit has not yet had an occasion to consider whether to follow the Ninth Circuit's interpretation on this point. Plaintiffs' purpose in forum shopping (in addition to finding a new judge to disagree with Judge Wu on its application for a TRO and causing a small blog operator to incur substantial fees in litigation in multiple venues) is to avoid the application of Ninth Circuit law. In the Ninth Circuit, under *Perfect 10*, it is clear that all of plaintiffs' claims are preempted by the CDA (a fact communicated to plaintiffs' counsel on Friday before they filed the Chicago action), and under California law Purseblog is entitled to obtain dismissal with prejudice and recovery of its attorneys fees under the anti-SLAPP statute. Plaintiffs' ex parte motion, if granted, would plainly prejudice Purseblog by forcing it to defend against the same claims filed in Illinois, where the court not only lacks personal jurisdiction over it CDA law is less well developed and Purseblog may be unable to obtain early dismissal with prejudice and

---

[6] Unlike *Nemet Chevrolet,* which involved a consumer criticism site focused expressly on negative comments about the plaintiff and other companies, Purseblog is a neutral blog where users may post whatever comments they wish, subject only to the blog's terms of service. *See* Chang Dec., Ex. 5 (Dusil Dec., ¶ 3). Yet, *Nemet Chevrolet* underscores that the CDA (and the First Amendment) protect even sites that specifically target companies with negative criticism.

recovery of fees, which potentially are available under California's anti-SLAPP statute. This factor further warrants denial of plaintiffs' motion.

### C. Plaintiffs' Improperly Filed Supplemental Memorandum Has No Bearing On Whether Dismissal Without Prejudice Is Warranted

The allegations made in plaintiffs' improper supplemental memorandum (filed after close of business on May 14, 2012, i.e., the evening before Purseblog's opposition is due) are immaterial and should not be considered by the Court. First, assertions of irreparable injury are mooted by the Court's prior ruling denying plaintiffs' request for a TRO. Moreover, plaintiffs and their counsel have improperly and in bad faith referenced confidential settlement communications and disclosed the nature of these communications by noting that Purseblog refused to takedown the contents at issue within the context of a proposed settlement (*see* Supplemental Memo. at p. 3 and concurrently filed Shelton Dec., ¶ 4). Second, plaintiffs deliberately mischaracterize the parties' settlement discussions by claiming that Purseblog "abruptly ended settlement discussions and rushed to file an Answer" in order to purportedly "create a procedural dispute" that would have otherwise not been at issue. *See* Supp. Memo at p. 3. That is not true. *See* Chang Dec., ¶ 7. The alleged "procedural dispute" plaintiffs complain about was not caused by Purseblog filing its Answer but rather by plaintiffs' improper filing in Chicago of a duplicate lawsuit without good cause and a motion seeking the very same relief denied by this Court last Friday. In the face of duplicative parallel actions, Purseblog had every right to make a strategic decision to respond by filing its Answer in response to plaintiffs' frivolous complaint and to seek a prompt dismissal on the merits. Plaintiffs' objections are simply not well taken.

### III. CONCLUSION

For the foregoing reasons, plaintiffs' ex parte motion for dismissal without prejudice should be denied. Notwithstanding, Purseblog does not oppose a dismissal WITH PREJUDICE, which is warranted under the CDA and anti-SLAPP statute, and to that end requests that the Court permit it to file an anti-SLAPP motion (which in federal

9

OPPOSITION TO PLAINTIFFS' EX PARTE MOTION FOR VOLUNTARY DISMISSAL

court is treated like an early motion for summary judgment) seeking dismissal with prejudice and recovery of its attorneys fees to be heard at the same time as plaintiff's motion for a preliminary injunction.

Dated: May 15, 2012                     GREENBERG TRAURIG, LLP

                                            By: /s/ Ian C. Ballon
                                                IAN C. BALLON
                                                Attorneys for defendant
                                                Midley, Inc., d/b/a Purseblog.com