# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 12-4095 GW (FMOx) | Date | May 18, 2012 |
| Title | eDrop-Off Chicago LLC, et al. v. Burke, et al. | | |

**Present: The Honorable** GEORGE H. WU, UNITED STATES DISTRICT JUDGE

| Javier Gonzalez | Rosalyn Adams | |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:    Attorneys Present for Defendants:

Dominique R. Shelton                 Ian C. Ballon
Erin Lee Jeanette Pfaff              Lori Chang

**PROCEEDINGS:** STATUS CONFERENCE RE PLAINTIFFS EX PARTE FOR VOLUNTARY DISMISSAL OF MIDLEY, INC., D/B/A PURSEBLOG.COM (FILED 5/13/12)

The Court's Tentative Ruling is circulated and attached hereto. Court hears oral argument. Defendants will file a supplemental brief by May 24, 2012. Plaintiffs' response, if any, will be filed by noon on May 29, 2012. The ex parte application is continued to **June 1, 2012 at 8:30 a.m.** Parties may appear telephonically provided that notice is given to the clerk by May 30, 2012.

                                                                : 55

                                                Initials of Preparer   JG

*<u>eDrop-Off Chicago LLC, et al. v. Burke, et al.</u>*, Case No. 2:12-cv-04095 GW

Tentative Ruling on *Ex Parte* Motion for Voluntary Dismissal of Purseblog.com

Plaintiffs eDrop-Off Chicago LLC and Corri McFadden (collectively "Plaintiffs") filed this lawsuit in this Court on May 10, 2012. At the same time, they filed for an *ex parte* temporary restraining order ("TRO") against defendant Midley, Inc. d/b/a/ Purseblog.com ("Midley") and then-defendant Nancy R. Burke. The Court denied the request for the TRO for a number of reasons, one of which was its skepticism that Plaintiffs would be able to demonstrate personal jurisdiction over the defendants. *See* Docket No. 7.

Following the Court's denial of Plaintiffs' requested TRO – in fact, later *that same day* – Plaintiffs re-filed the identical case, requesting the same TRO, in federal district court in Chicago. The next day, a Saturday, there were two e-filings in this case: Midley filed an Answer, *see* Docket No. 8, and Plaintiffs voluntarily dismissed Burke, pursuant to Federal Rule of Civil Procedure 41(a)(1)(i), *see* Docket No. 9. Because Midley had filed an Answer, Plaintiffs could not make use of Federal Rule of Civil Procedure 41(a)(1)(i) to voluntarily dismiss Midley, and because Midley would not stipulate to a voluntary dismissal without prejudice, Plaintiffs could not proceed by way of Federal Rule of Civil Procedure 41(a)(1)(ii) to achieve that same end. As such, the following day they resorted to *another ex parte* proceeding, this time to obtain an order from this Court allowing the voluntary dismissal Midley without prejudice. *See* Fed. R. Civ. P. 41(a)(2).[1]

Plaintiffs wish to proceed against both Midley and Burke in the federal action in Illinois, at least partially due to this Court's suggestion that their path towards establishing personal jurisdiction against *both* of those defendants *together* might be easier

---

[1] In denying the requested TRO, this Court observed that Plaintiffs' subject matter jurisdiction-related allegations were deficient. Obviously, if this Court did not have subject matter jurisdiction, it could not consider the instant motion. However, in the Illinois action, Plaintiffs' allegations now appear to indicate that complete diversity does exist between these parties (even if *this* Court might demand further *detail* in that respect if those allegations were made here). *See* Docket No. 13-2, Exh. 2, ¶ 7. The Court therefore has reason to believe that it does, in fact, have subject matter jurisdiction over this case.

there. *See* Docket No. 10, at 4:22-5:7.² Midley's Answer filed in this action obviated the personal jurisdiction concern this Court expressed at least as it concerned Midley. *See* Fed. R. Civ. P. 12(h)(1)(B); *see also* Schwarzer, Tashima, <u>California Practice Guide: Federal Civil Procedure Before Trial</u> (2011) § 3:65, at 3-27. However, Burke, having not filed an Answer before her voluntary dismissal, did not consent to personal jurisdiction in this forum.

At the same time as Plaintiffs were seeking, *ex parte*, Midley's voluntary dismissal in this Court, they *again* pursued a TRO in Illinois. The Court has learned that the Northern District of Illinois denied that relief with respect to Midley and continued the hearing on the application as it related to Burke.

Federal Rule of Civil Procedure 41(a)(2) provides as follows:

> Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication. Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

Fed. R. Civ. P. 41(a)(2). "[T]he decision to grant a voluntary dismissal under Rule 41(a)(2) is addressed to the sound discretion of the District Court." *Hamilton v. Firestone Tire & Rubber Co., Inc.*, 679 F.2d 143, 145 (9th Cir. 1982). "In ruling on a motion for voluntary dismissal, the District Court must consider whether the defendant will suffer some plain legal prejudice as a result of the dismissal. Plain legal prejudice … does not result simply when defendant faces the prospect of a second lawsuit or when plaintiff merely gains some tactical advantage." *Id.* (omitting internal citations); *see also WPP Luxembourg Gamma Three Sarl v. Spot Runner, Inc.*, 655 F.3d 1039, 1058 n.6 (9th Cir. 2011), *cert. filed*, 80 U.S.L.W. 3531 (U.S. Feb. 27, 2012) (No. 11-1069); *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001) ("A district court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result."); Schwarzer, Tashima, et al., <u>California Practice</u>

---

² The Court rejects Plaintiffs' suggestion, in their Supplemental Memorandum of Points & Authorities in support of this *ex parte* application (and seemingly in contrast with their *opening* brief supporting the application), that a defect in *subject matter* jurisdiction explains the re-filing of this action in Illinois. *See* Docket No. 12, at 3:8-9. If compete diversity exists between the parties, it exists both in Illinois *and here*.

2

Guide: <u>Federal Civil Procedure Before Trial</u> (2011) §§ 16:343-373.5, at 16-146 – 152.1; id. §§ 16:387-388, at 16-153.

"Legal prejudice" means "prejudice to some legal interest, some legal claim, some legal argument." *Smith*, 263 F.3d at 976 (quoting *Westlands Water Dist. v. United States*, 100 F.3d 94, 97 (9th Cir. 1996)); *Westlands*, 100 F.3d at 97 (indicating that cases considering "legal prejudice" "focus on the rights and defenses available to a defendant in future litigation"). "For example, in determining what will amount to legal prejudice, courts have examined whether a dismissal without prejudice would result in the loss of a federal forum, or the right to a jury trial, or a statute-of-limitations defense." *Westlands*, 100 F.3d at 97. It is not entirely clear whether the loss of procedural protections can constitute plain legal prejudice. In *Smith*, the Ninth Circuit did not need to decide the issue because the federal claims (which would have been subject to the procedural protections afforded by the Private Securities Litigation Reform Act) had been dismissed *with prejudice*. See *Smith*, 263 F.3d at 976.

There is no obvious "plain legal prejudice" to Midley should the Court permit voluntary dismissal without prejudice here. Midley argues that it will be deprived of the opportunity to file a motion under California's anti-SLAPP statute and will not be able to take advantage of California's relatively broad freedom-of-speech protections. However, Midley admits that Illinois has its own anti-SLAPP statute, and it has not convincingly demonstrated any way in which the difference, if any, between either the California and Illinois anti-SLAPP statutes or the protections afforded freedom of speech in California and Illinois would, *without question*, prejudice it here. Midley also argues that the Ninth Circuit has favorable precedent regarding the protections afforded under the Communications Decency Act ("CDA"), whereas the Seventh Circuit has not jumped into the fray in particular respects. However, that does not mean that Midley has *lost* the ability to make any argument it might have under the CDA and, of course, it can always cite to the Ninth Circuit's ruling as persuasive on the particular issue. In sum, it is not clear that Midley is not simply complaining about some "tactical advantage" that Plaintiffs *might* enjoy in Illinois, which is insufficient to demonstrate the necessary prejudice. See *Hamilton*, 679 F.2d at 145.

Midley also directs the Court to *Kern Oil & Refining Co. v. Tenneco Oil Co.*, 792

3

F.2d 1380, 1389-90 (9th Cir. 1986), in which the Ninth Circuit affirmed a lower court's ruling denying a Rule 41(a)(2) motion because of a concern that the counterclaimant was attempting to forum shop. The Court does not believe that an attempt at forum shopping was the overriding consideration[3] behind Plaintiffs' re-filing in Illinois. As noted elsewhere herein, considerations about personal jurisdiction over both Midley *and* Burke in the same forum are perfectly understandable, even if Plaintiffs might not have a slam-dunk case in that regard.

Ordinarily, then, the Court would be inclined to grant Plaintiffs' motion. However, the Court cannot overlook the fact that Plaintiffs brought *this* motion *ex parte*. Perhaps they felt they had a reason to do so because of the then-upcoming TRO hearing in Illinois (when, in reality, the hearing they set on this *ex parte* application was set for the same time as the Illinois TRO proceeding, which was, in fact, *two hours later* because of the time difference). Even if they did have such a justification, the Northern District of Illinois has now *denied* the TRO as to Midley. Thus, the Court must consider whether Midley has had sufficient time in which to investigate the question of its prejudice, if any, if it is forced to litigate this matter in Illinois versus here.[4] If it did not, then a continued hearing on this motion to accommodate a normal 28-day notice period might be warranted.[5]

---

[3] At the same time, the Court is not blind to the fact that there is at least some suggestion of forum shopping at play here. Plaintiffs did, after all, file another TRO application despite the Court's ruling on the TRO application they submitted here. Of course, both the subject matter jurisdiction and personal jurisdiction aspects of that ruling, at a minimum, would, at least potentially, be altered in light of that new filing. *See Am. Trucking Ass'ns, Inc. v. City of Los Angeles*, 660 F.3d 384, 399 n.10 (9th Cir. 2011) ("As a 'general rule, our decisions at the preliminary injunction phase do not constitute the law of the case.'") (quoting *Ranchers Cattlemen Action Legal Fund United Stockgrowers of Am. v. USDA*, 499 F.3d 1108, 1114 (9th Cir. 2007)), *cert. filed* 80 U.S.L.W. 3404 (U.S. Dec. 22, 2011) (No. 11-798); *Kuzinich v. Santa Clara Cnty.*, 689 F.2d 1345, 1350-51 (9th Cir. 1982) ("[I]ssues litigated in a preliminary injunction action are not res judicata and do not form a basis for collateral estoppel.").

[4] Even if it has not, and even if there is some limited measure of prejudice, the Court would still have to consider – in exercising its discretion under Fed. R. Civ. P. 41(a)(2) – that it is of course preferable to Plaintiffs and to the court system in general for this matter to be resolved in one place, at one time. Given Plaintiffs' dismissal of Burke, perhaps the best place for her to have any prospect of demonstrating personal jurisdiction over both defendants would be in Illinois, even if Midley will contest personal jurisdiction there, as it asserts that it will.

[5] Obviously, *this* motion would have to be decided *before* the Court considers again (if it ever does) the question of whether a preliminary injunction should be entered *vis a vis* Midley (or whether Midley should be given relief under the anti-SLAPP laws). Thus, if the Court takes this route, the June 4 hearing date on the preliminary injunction motion is unlikely to go forward.

Even if the Court were to grant Plaintiffs' *ex parte* application here, it would have to consider whether Plaintiffs should be able to achieve that end unconditionally. *See Hamilton*, 679 F.2d at 146 ("The rule allows the court to attach conditions to the dismissal…to prevent prejudice to the defendant."). Although Midley has not requested any manner of conditions (likely opting for a complete victory instead), the Court might consider whether Plaintiffs should be required to compensate Midley for attorneys' fees incurred in connection with its response to this *ex parte* application (which was, of course, only brought about because Midley filed an Answer two days after the case was filed). *See Westlands*, 100 F.3d at 97 ("Here, if the district court decides it should condition dismissal on the payment of costs and attorney fees, the defendants should only be awarded attorney fees for work which cannot be used in any future litigation of these claims.").