Dominique R. Shelton (SBN 157710)
Clinton J. McCord (SBN 204749)
Erin L. Pfaff (SBN 259349)
EDWARDS WILDMAN PALMER LLP
9665 Wilshire Blvd., Suite 200
Beverly Hills, CA.  90212
Telephone:  (310) 860-8705
Facsimile:   (310) 860-3800
dshelton@edwardswildman.com
cmccord@edwardswildman.com
epfaff@edwardswildman.com

Attorneys for Plaintiffs
EDROP-OFF CHICAGO LLC and
CORRI MCFADDEN

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDROP-OFF CHICAGO LLC and CORRI MCFADDEN<br><br>Plaintiffs,<br><br>v.<br><br>NANCY R. BURKE, MIDLEY, INC. d/b/a PURSEBLOG.COM, and DOES 1-10 inclusive<br><br>Defendant. | Case No. 2:12-cv-04095-GW (FMOx)<br><br>**PLAINTIFFS' STIPULATION THAT ILLINOIS' CITIZEN PARTICIPATION ACT APPLIES TO THE ALLEGATIONS OF PLAINTIFFS' COMPLAINT**<br><br>Date:       June 1, 2012<br>Time:       8:30 a.m.<br>Courtroom:  10<br>Judge:      George H. Wu<br><br>Action Filed:  May 10, 2012 |

17000374.2

PLAINTIFFS' STIPULATION TO
APPLICATION OF ILLINOIS ANTI-
SLAPP TO PURSEBLOG

WHEREAS, pending in this Court is Plaintiffs' Motion for Voluntary Dismissal of Defendant Midley, Inc. d/b/a PurseBlog.com ("Pursblog").

WHEREAS, the settlement efforts between Defendant Nancy Burke in the Illinois action and Plaintiffs have been unsuccessful and the case will proceed against Defendant Nancy Burke in Illinois, regardless of whether this Court grants or denies Plaintiffs' Motion for Voluntary Dismissal.

WHEREAS, Plaintiffs contend that Nancy Burke and Defendant Purseblog worked in combination to interfere with Plaintiffs' prospective/known business contracts, defame and otherwise harm Plaintiffs. And, if the action in California is not dismissed, the evidence regarding coordination between Burke and Purseblog will be elicited from both defendants in two different actions pending in Illinois (against Purseblog and Burke); and in California (against Purseblog only).

WHEREAS, there is a risk of inconsistent rulings if the case in Los Angeles against Purseblog (alone) proceeds in parallel to the case in Illinois against Nancy Burke and Purseblog in Illinois.

WHEREAS, two proceedings regarding the same core issues and facts are currently pending and continued maintenance of same could result in a depletion of judicial and party resources and duplicative use of two forums.

WHEREAS, the Northern District of Illinois has recognized that: the "CPA applies where the defendants' acts were in furtherance of their rights to petition, speak, associate, or otherwise participate in government to obtain favorable government action." *The Corvus Group Inc. v. Nichols Kaster PLLP et al.*, 2012 U.S. Dist. Lexis 72202, *6–*7 (N.D. Illinois May 24, 2012).

WHEREAS, Purseblog has expressed concerns about whether its posting of comments on the thread titled "another cheating shill bidder" at issue in Illinois and in

17000374.2                                1                    PLAINTIFFS' STIPULATION TO
                                                              APPLICATION OF ILLINOIS ANTI-
                                                              SLAPP TO PURSEBLOG

California constitutes acts in furtherance of Purseblog's rights to petition to obtain favorable government action. (June 1, 2012 Transcript at 35:1-10, attached herein as Exhibit "1").

WHEREAS, Exhibit A to the Complaint (Dkt 1 in both the California and Illinois actions) contains the thread of comments at issue in this action (as well as the Illinois action) against Purseblog arising from the "another cheating shill bidder" thread.

WHEREAS, some of the posts contained in Exhibit A to the Complaint (Dkt 1) on the "another cheating shill bidder..." thread allege that the Plaintiffs have engaged in criminal behavior and call for government action.   Examples of such comments are attached herein as Exhibit "2".

WHEREAS, the *Sandholm v. Richard Kuecker*, 962 N.E.2d 418 (Ill. Sup. Ct 2012) case before the Illinois Supreme Court involved claims against two (2) website operators (among other defendants) who posted defamatory statements made by third parties on their websites, which called for a public high school to investigate and discipline a coach from his high school position.

WHEREAS Purseblog, in this case, has posted comments calling for criminal investigations of Plaintiffs.

WHEREAS, in *Sandholm* the Plaintiff did not dispute that the websites were engaged in petitioning the government for action by posting comments calling for an investigation and discipline of a public high school coach.  And, the Illinois Supreme Court accepted the Plaintiff's concession and addressed the merits of the defendants' anti-SLAPP motion.

WHEREAS the *Sandholm* case demonstrates that if the Plaintiff does not dispute that Defendants are petitioning for government action, it is accepted as established.

PLAINTIFFS' STIPULATION TO
APPLICATION OF ILLINOIS ANTI-
SLAPP TO PURSEBLOG

WHEREAS the *Sandholm* plaintiff conceded that the call for investigation and discipline of a high school coach constituted a petitioning activity and the Illinois Supreme Court accepted this concession and moved on to the consider the rest of the anti-SLAPP statute on its merits. *Id.* at 433, fn. 2. AND, WHEREAS the instant case involves a stronger basis for petitioning – i.e., the call for a criminal investigation by the Illinois US Attorneys office and Illinois Attorney General against Plaintiffs.

WHEREAS, to promote judicial economy and to avoid the risk of inconsistent rulings based upon the same facts and legal theories, Plaintiffs agree, without conceding the merits of any such motion, that Defendant PurseBlog can pursue a motion under the Illinois CPA in the Illinois action.

NOW THEREFORE BECAUSE OF PLAINTIFFS' STIPULATION AND THE *SANDHOLM* PRECEDENT, Plaintiffs stipulate as follows[1]:

1. Purseblog's activities—in posting comments that call for criminal investigations of Plaintiffs—can be considered petitions in furtherance of favorable government actions within the meaning of the Illinois CPA.

2. This being established, both California and Illinois are broad potent anti-SLAPP laws and now the Defendant Purseblog has the ability to pursue potential remedies under the CPA without the concern for whether its activities are sufficient to qualify as petitioning to obtain favorable government action. *Hytel Group, Inc. v. Butler*, 405 Ill. App. 3d 113, 126, fn. 3 (Ill. App. Ct. 2d Dist. 2010) (where court recognized that "'… the Act appears broader than any other anti-SLAPP statute.' Illinois's anti-SLAPP legislation, the Act, is broader than

---

[1] This stipulation has also been offered on the record before Judge Kennelly during the hearing on June 5, 2012 in the United States District Court for the Northern District of Illinois, Case No. 12-cv-03632.

17000374.2

3

PLAINTIFFS' STIPULATION TO APPLICATION OF ILLINOIS ANTI-SLAPP TO PURSEBLOG

most anti-SLAPP acts enacted by other states across the country."). *See also,* *Hammons v. Soc'y of Permanent Cosmetic Professionals*, 2012 Ill. App. LEXIS 193, *12 (Ill. App. Ct. 1st Dist. 2012) ("Illinois's anti-SLAPP legislation, the Act, is broader than most anti-SLAPP acts enacted by other states across the country.").

3. As such, Defendant Purseblog is in the same position as the defendant in *Davis v. Bonanno*, Case No. CV-08-3449-ODW, 2008 WL 4330296 (C.D. Ariz. Sept. 19, 2008), in which the Central District Court of California held that defendants would not suffer legal prejudice if forced to bring their anti-SLAPP motion under Arizona law, rather than California law, because Arizona's anti-SLAPP statute "provides similar protections against SLAPP lawsuits, thereby obviating the prejudice to any legal argument or claim Defendants may choose to make." Like the Illinois CPA, Arizona's anti-SLAPP statute is limited to speech made "for the purpose of influencing a **governmental action**, decision or result." A.R.S. § 12-751 (emphasis added, enacted in 2006 before *Davis* was decided). *See also*, *Tennenbaum v. Ariz. City Sanitary Dist.*, 799 F. Supp. 2d 1083, 1089 (D. Ariz. 2011) (same).[2]

---

[2] Where Arizona District Court recognized "To qualify as an exercise of the right of petition, it is not sufficient for the statements at issue to simply 'arise[] directly from matters under consideration by the District', as Defendants assert. (Doc. 9 at 5). Rather, the statute requires an oral or written statement that falls within the constitutional protection of free speech and that is all of the following: (1) '[m]ade before or submitted to a legislative or executive body or any other governmental proceeding,' (2) '[m]ade in connection with an issue that is under consideration or review by a legislative or executive body or any other governmental proceeding,' and (3) '[m]ade for the purpose of **influencing a governmental action,** decision or result.' §12-751(1)(a)-(c) (emphasis added). The statute defines 'governmental proceeding' as 'any proceeding, other than a judicial proceeding, by an officer, official or body of this state and any political subdivision of this state, including boards and commissions, or

4

4. Indeed, with this stipulation, Defendant Purseblog is in a much superior position than the Defendant in *Davis* because (a) the complaint in *Davis* concerned alleged false statements made regarding a production company's business practices, with no reference to governmental action in the complaint and no exhibits to the complaint referencing governmental action (2:08-cv-03449-ODW, Dkt 1) unlike Exhibit A to Plaintiffs' Complaint here; and (b) the need to establish the petitioning element is obviated for Purseblog with this stipulation, which was not agreed to by the plaintiff in *Davis*.

Dated:  June 5, 2012                EDWARDS WILDMAN PALMER LLP


                                      /s/ Dominique Shelton
                                    Dominique R. Shelton
                                    Clinton J. McCord
                                    Erin L. Pfaff

(..continued)

by an officer, official or body of the federal government.' § 12-751(2)."  *See also*, Tennenbaum, 799 F. Supp. 2d at 1089.

17000374.2

5

1   TO BE MADE AND ENTERTAINED BY THE JUDGE IN THE NORTHERN

2   DISTRICT OF ILLINOIS ON THE 5TH, I'M NOW INCLINED NOT TO DO

3   ANYTHING BECAUSE I PRESUME THAT THE ISSUE OF THE SLAPP IS

4   GOING TO BE RAISED, I PRESUME, IN FRONT OF THAT JUDGE.

5           MR. BALLON:  NOT BY US.

6           THE COURT:  WHY NOT?

7           MR. BALLON:  BECAUSE THE ILLINOIS ANTI SLAPP

8   STATUTE IS LIMITED TO PETITIONING THE GOVERNMENT.  WE ARE

9   NOT ACCUSED OF PETITIONING THE GOVERNMENT.  IT'S NOT

10  APPLICABLE.

11          FIRST OF ALL, THIS IS NEWS TO ME ABOUT A FILING,

12  BUT ASSUMING THERE IS A FILING, SINCE THE JUDGE HAS

13  ALREADY -- WAS VERY CLEAR IN DENYING THE TRO, WAS VERY CLEAR

14  AND ADAMANT THAT THE INJUNCTION DOES NOT REACH MY CLIENT, I

15  HAVE NO REASON TO BELIEVE THAT THIS ADDITIONAL EX PARTE

16  FILING WHICH I BELIEVE IS THE FOURTH NOW IN THIS CASE IS

17  GOING TO DO ANYTHING OTHER THAN PERHAPS IRRITATE THE JUDGE

18  IN ILLINOIS.

19          BUT WE ARE NOT SEEKING ANTI-SLAPP REMEDIES IN

20  ILLINOIS BECAUSE THEY ARE NOT AVAILABLE, AND I WOULD ASK THE

21  COURT TO RULE ON THE PRESENT MOTION.

22          THE COURT:  I'M NOT GOING TO RULE BEFORE THE 5TH.

23  I WANT TO SEE WHAT THE JUDGE IN ILLINOIS DOES.

24          MR. BALLON:  OKAY.

25          MS. SHELTON:  AND, YOUR HONOR, WE --

Exhibit "2" to Stipulation

- "…this is criminal behavior right?" and Nancy Burke responded under the name BeenBurned "That crossed my mind too.  Shill bidding is not only a violation of ebay policy but it's illegal."

- "Shilling is a criminal offense and could really hurt their business if it were to be discovered and reported. And it should be."

- "So if anyone wants to – you can report this seller [Plaintiffs] to…the US Attorney's office in Chicago – who will do something if it's rampant. Shill bidding is against the law. And if it's this blatant, US Attorneys may prosecute because they can now go for RICO (organized crime scheme) charges and go for asset forfeiture – meaning take any assets of the owner, including their house, to pay for the fines that levelied against tem as part of the criminal case.  It's wroth reporting them. I hate dishonest scamming sellers. And edropoff appears to be one."

- In response to the above comment, the following was posted "I completely concur, and had I been involved with any of their auctions, I would do just that. I hope that some who have been will file."

- "if they are reading they shouldn't risk criminal charges in Chicago for selling stuff, there are other ways to attract buyers.."