**GREENBERG TRAURIG, LLP**
Ian C. Ballon (SBN 141819)
Wendy Mantell (SBN 225544)
Lori Chang (SBN 228142)
1840 Century Park East, Suite 1900
Los Angeles, California  90067
Telephone: (310) 586-7700
Facsimile:  (310) 586-7800
Email:  ballon@gtlaw.com,
mantellw@gtlaw.com,
changl@gtlaw.com

Attorneys for defendant, Midley, Inc.
d/b/a Purseblog.com

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDROP-OFF CHICAGO LLC and CORRI MCFADDEN<br><br>Plaintiffs,<br><br>vs.<br><br>NANCY R. BURKE, MIDLEY, INC. dba PURSEBLOG.COM, and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO. CV12 04095-GW FMOx<br><br>**DEFENDANT MIDLEY, INC.'S OBJECTION AND RESPONSE TO PLAINTIFFS' PURPORTED "STIPULATION" AND SUPPLEMENTAL FILINGS**<br><br>Judge:    Hon. George H. Wu<br><br>Action Filed:    May 10, 2012 |

## BRIEF OBJECTION AND RESPONSE TO PLAINTIFFS' "STIPULATION"

To be clear, there is NO stipulation between the parties that Illinois' Citizen Participation Act ("CPA") would apply to the complaint filed against defendant Midley, Inc. ("Purseblog") in the Illinois action. The one-sided, misleadingly titled "stipulation" filed by plaintiffs without leave of court (Docs. #37-39) is both illusory and immaterial.[1] To address the issue of prejudice that would result by depriving Purseblog of the substantive remedies available to it under California's anti-SLAPP statute, the Court suggested that plaintiffs consider stipulating that the "Illinois court would apply *California* law as to the SLAPP issue." June 1, 2012 Hearing Tr. (attached as Exhibit A), 21:21-22:2 (italics added). A stipulation by plaintiffs that "Purseblog has the ability to pursue potential remedies under the CPA" does nothing to resolve prejudice. *See id.* at 21:21-2 (the Court: "[Y]ou can't stipulate to what the Illinois law would be vis-à-vis the SLAPP"); plaintiffs' "Stipulation" (Doc. #37) at p. 3. Purseblog has already demonstrated in its supplemental brief filed on May 24, 2012 (Doc. #18) that it would be prejudiced if the California action is dismissed because California's state Constitutional protections for speech are much broader than in Illinois (reaching both the right to speak and the right to be heard), California's anti-SLAPP statute is broader than the Illinois CPA, and the remedies afforded under California law would not be available under the Illinois CPA, which has been narrowly construed to cover essentially petitioning activity and would not apply to plaintiffs' complaint which seeks a prior restraint against Purseblog and its users to censor comments about plaintiffs that are "disparaging." *See Sandholm v. Kuecker*, 962 N.E.2d 418, 429-30 (Ill. 2012).[2]

---

[1] It is also deceptive for plaintiffs to call their pleading a "stipulation" when it is fact an improper supplemental brief filed in support of their *ex parte* motion for voluntary dismissal and without leave of court. Purseblog submits this brief response to clarify that plaintiffs' so-called stipulation is illusory as the parties have not agreed to any of the purported recitals and stipulations set forth in this pleading.

[2] Plaintiffs' reliance on *Davis v. Bonanno* is also unavailing as the court in that case concluded that *Arizona*'s anti-SLAPP law was similar to California's, and did not address the differences between the Illinois CPA and California law. *See Davis v. Bonnano*, Case No. CV 08-03449 ODW (AJWX), 2008 WL 4330296, at *4 (C.D. Cal. Sep. 19, 2008).

1

DEFENDANT'S OBJECTION AND RESPONSE TO PLAINTIFFS'
PURPORTED "STIPULATION" AND SUPPLEMENTAL FILINGS

Purseblog also does not stipulate that the comments identified in plaintiffs' "corrected" Exhibit 2 (Doc. #38) constitute speech undertaken in furtherance of petitioning the government for redress. These were third-party comments posted on a blog hosted by Purseblog, not the government, and directed at other users.[3] Further, the post by Nancy Burke (in Exhibit 2) merely states that shill bidding is "illegal" (which is true in at least some jurisdictions) and the posts by other users are not at issue in plaintiffs' complaint. See Compl., ¶ 3 ("This action arises from *BeenBurned's* recent defamatory blog entries . . . which falsely accuse Plaintiffs of engaging in a practice known as 'shill bidding' and advises *consumers* not to do business with Plaintiffs" (italics added)); see also Illinois compl., ¶ 4 (same allegation). Similarly, the posts contained in the "eDropoff consignment" thread referred to in plaintiffs' "supplement" (Doc. #39) are not alleged in either of the two complaints and fall completely outside the pleadings in both the Illinois and California actions. The comments posted in this other thread (which were not made by Nancy Burke and merely state that "State attorney generals are interested in these types of cases" and "federal courts/prosecutors have access to complex systems that can analyze prices") are not even subject to the temporary restraining order issued against Burke (upon a default) in the Illinois action, and Judge Kennelly has on more than one occasion denied plaintiffs' request to issue a mandatory injunction and order Purseblog to remove the alleged defamatory posts from its website.[4] Here, Purseblog sought leave to file an anti-SLAPP motion based on plaintiffs' actions in filing a suit seeking a prior restraint to censor future user posts on a blog, which is a matter of public interest under California law, and its subsequent efforts to seek

---

[3] *See Hammons v. The Society of Permanent Cosmetic Professionals*, Nos. 1-10-2644, 1-11-1280, __N.E.2d__, 2012 WL 955314, at *4 (Ill. App. Ct. March 20, 2012) (not yet released for publication) (ruling that complaint alleging defamation, tortious interference, fraud and deceptive trade arising from a competitor's statements posted on a blog aimed at consumers was not barred under Illinois' anti-SLAPP statute because the blog posting did not "constitute an act of participation in any governmental process").

[4] Indeed, plaintiffs' "stipulation" was filed after an *ex parte* hearing in the Chicago action on June 5, 2012 at 9:30 AM (CDT) where Judge Kennelly once again denied plaintiffs' latest application for a TRO against Purseblog. This was plaintiffs' third failed attempt for injunctive relief against Purseblog in the two lawsuits combined.

injunctive relief are barred by the First Amendment and the Communications Decency Act; not as a result of an unrelated post by a non-party to this suit identified by plaintiffs.

      In sum, there is no stipulation. Plaintiffs' meritless three supplemental filings (falsely labeled as "stipulations") are a further waste of judicial resources, and cause Purseblog needlessly to incur additional attorneys' fees in having to respond to this Strategic Lawsuit Against Public Participation (SLAPP). In the interest of judicial economy and fairness to the defendant, Purseblog requests that the Court order plaintiffs to first seek leave of court before filing any further pleadings on the issue of prejudice, which has been fully briefed by the parties, argued and taken under submission.

Dated: June 7, 2012                         GREENBERG TRAURIG, LLP

                                         By: /s/ Ian C. Ballon
                                                IAN C. BALLON
                                                Attorneys for defendant
                                                Midley, Inc., d/b/a Purseblog.com

# Exhibit A

```
                    UNITED STATES DISTRICT COURT

                   CENTRAL DISTRICT OF CALIFORNIA

                          WESTERN DIVISION

              THE HON. GEORGE H. WU, JUDGE PRESIDING


EDROP-OFF CHICAGO LLC AND CORRI  )
MCFADDEN,                        )
                                 )
         PLAINTIFFS,             )
                                 )
     VS.                         ) NO. CV 12-04095-GW
                                 )
NANCY R. BURKE, MIDLEY, INC.     )
D/B/A PURSEBLOG.COM, AND DOES    )
1-10 INCLUSIVE,                  )
                                 )
         DEFENDANTS.             )
_____)



                 REPORTER'S TRANSCRIPT OF PROCEEDINGS

                      LOS ANGELES, CALIFORNIA

                  FRIDAY, JUNE 1, 2012; 9:05 A.M.

     EX PARTE APPLICATION TO DISMISS DEFENDANT MIDLEY INC.

                       D/B/A PURSEBLOG.COM




                    WIL S. WILCOX, CSR 9178
               OFFICIAL U.S. DISTRICT COURT REPORTER
                 312 NORTH SPRING STREET, # 432-A
                    LOS ANGELES, CALIFORNIA 90012
                       PHONE: (213) 290-2849
```

2

```
 1   APPEARANCES OF COUNSEL:

 2

     FOR THE PLAINTIFFS: EDWARDS WILDMAN PALMER LLP
 3                       BY:  DOMINIQUE R. SHELTON
                         ATTORNEY AT LAW
 4                       9665 WILSHIRE BOULEVARD SUITE 200
                         BEVERLY HILLS, CA 90212
 5                       310-860-8700
                         FAX: 310-860-3800
 6                       EMAIL: DSHELTON@EDWARDSWILDMAN.COM

 7

     FOR THE DEFENDANTS: GREENBERG TRAURIG LLP
 8                       BY: IAN C. BALLON
                         ATTORNEY AT LAW
 9                       2450 COLORADO AVENUE SUITE 400 EAST
                         SANTA MONICA, CA 90404
10                       310-586-7700
                         FAX: 310-586-7800
11                       EMAIL: BALLON@GTLAW.COM

12                       AND:

13                       GREENBERG TRAURIG
                         BY: LORI CHANG
14                       ATTORNEY AT LAW
                         1840 CENTURY PARK EAST SUITE 1900
15                       LOS ANGELES, CA 90067
                         310-586-7700
16                       FAX: 310-586-7800
                         EMAIL: CHANGL@GTLAW.COM

17

18

19

20

21

22

23

24

25
```

L O S   A N G E L E S,   C A L I F O R N I A;   F R I D A Y,   J U N E   1 ,   2 0 1 2;   9 : 0 5   A . M .

```
 1   SUPREME COURT DID WAS SAY THAT GOVERNMENTAL ACTION HAS TO BE
 2   PART OF THE SPEECH.
 3            THAT IS PART OF THE SPEECH HERE.  I'M NOT TALKING
 4   ABOUT STATEMENTS THAT ARE OUTSIDE OF THIS LAWSUIT.  THE
 5   LAWSUIT CONCERNS THE THREAD CALLED:  ANOTHER CHEATING SHILL
 6   BIDDER.  THAT -- THE CONTEXT CALLING FOR ILLINOIS U.S.
 7   ATTORNEY'S OFFICE TO INVESTIGATE OUR CLIENT AND THE U.S.
 8   ATTORNEY'S OFFICE TO INVESTIGATE THE CLIENTS THAT ARE IN
 9   THAT THREAD.
10            THE COURT:  LET ME STOP YOU.  THERE IS A
11   DIFFERENCE HERE.  I CAN UNDERSTAND THOSE ARGUMENTS VIS-A-VIS
12   BURKE, BUT VIS-A-VIS PURSEBLOG, PURSEBLOG IS JUST SIMPLY THE
13   CONDUIT BY WHICH THE STATEMENTS ARE CARRIED.  IT'S NOT THE
14   ORIGINS OF THE COMMENTS.  SO THEY ARE A LITTLE DIFFERENT
15   SITUATION VIS-A-VIS A PARTY IN THIS TYPE OF SITUATION.
16            MS. SHELTON:  WELL, YOUR HONOR, WE ARE NOT TAKING
17   THE POSITION THAT DEFENDANTS ARE NOT ABLE TO BRING AN
18   ANTI-SLAPP CLAIM OR AN ANTI-SLAPP ARGUMENT IN ILLINOIS.
19   THAT IS NOT -- I THINK I SAW IN YOUR TENTATIVE THAT WE
20   WOULDN'T STIPULATE TO THAT.  WE ABSOLUTELY WOULD STIPULATE.
21            THE COURT:  NO, BUT YOU CAN'T STIPULATE TO WHAT
22   THE ILLINOIS LAW WOULD BE VIS-A-VIS THE SLAPP.  IN OTHER
23   WORDS, YOU CAN'T SAY, OH, WE THE PARTIES AGREE -- ALTHOUGH,
24   LET ME ASK:  WHAT WOULD HAPPEN IF THE PLAINTIFFS WERE TO
25   AGREE TO -- BOTH SIDES WOULD AGREE THAT IN ILLINOIS THE
```

LOS ANGELES, CALIFORNIA; FRIDAY, JUNE 1, 2012; 9:05 A.M.

```
1    ILLINOIS COURT WOULD APPLY CALIFORNIA LAW AS TO THE SLAPP
2    ISSUE.  WHY WOULDN'T THAT RESOLVE THE PROBLEM?
3              MS. SHELTON:  BECAUSE, YOUR HONOR --
4              THE COURT:  I'M NOT ASKING YOU.  I'M ASKING THEM.
5              MR. BALLON:  IF THE PLAINTIFFS WERE TO STIPULATE
6    THAT IN CALIFORNIA THE ILLINOIS COURT COULD APPLY
7    CALIFORNIA --
8              THE COURT:  WOULD APPLY.
9              MR. BALLON:  WOULD APPLY CALIFORNIA LAW
10   SUBSTANTIVE LAW AND NINTH CIRCUIT CDA LAW, THEN --
11             THE COURT:  NO, NINTH CIRCUIT CDA LAW, I'VE
12   ALREADY INDICATED THE COURT DOES NOT FIND THAT TO BE -- IN
13   OTHER WORDS, THE INABILITY TO -- YOU ARE ALWAYS FREE TO
14   RAISE THAT ARGUMENT IN ILLINOIS.  IT'S NOT SOMETHING THAT
15   YOU ARE GOING TO BE BARRED FROM.
16             MR. BALLON:  BUT SEVENTH CIRCUIT LAW IS DIFFERENT
17   AND SO THAT WOULD BE A CONCERN AND THAT WOULD BE A
18   PREJUDICE.
19             THE COURT:  NO.  WHY IS THAT A PREJUDICE?
20             MR. BALLON:  IT'S A PREJUDICE BECAUSE
21   SEVENTH CIRCUIT LAW IS NARROWER ON THE CDA.
22             THE COURT:  BUT THE PROBLEM IS THAT IF YOU ARE
23   GOING TO MAKE THAT ARGUMENT, THEN YOU CAN MAKE THE ARGUMENT
24   THAT YOU CAN NEVER HAVE A TRANSFER BECAUSE IF THERE IS ANY
25   DIFFERENCE IN THE LAW BECAUSE A DIFFERENCE IN LAW WOULD BE
```

LOS ANGELES, CALIFORNIA; FRIDAY, JUNE 1, 2012; 9:05 A.M.