1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**GREENBERG TRAURIG, LLP**
Ian C. Ballon (SBN 141819)
Wendy Mantell (SBN 225544)
Lori Chang (SBN 228142)
1840 Century Park East, Suite 1900
Los Angeles, California  90067
Telephone: (310) 586-7700
Facsimile:  (310) 586-7800
Email:  ballon@gtlaw.com,
mantellw@gtlaw.com,
changl@gtlaw.com

Attorneys for defendant, Midley, Inc.
d/b/a Purseblog.com

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDROP-OFF CHICAGO LLC and CORRI MCFADDEN<br><br>Plaintiffs,<br><br>vs.<br><br>NANCY R. BURKE, MIDLEY, INC. dba PURSEBLOG.COM, and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO. CV12 04095-GW FMOx<br><br>**DEFENDANT MIDLEY, INC.'S SCHEDULING RULE 26(f) REPORT.**<br><br><br>Date:         June 28, 2012<br>Time:         8:39 a.m.<br>Courtroom:  10<br>Judge:        Hon. George H. Wu<br><br>Action Filed:      May 10, 2012 |

DEFENDANT'S RULE 26(f) REPORT

1    By and through its attorneys of record, defendant Midley, Inc. ("Purseblog")
2 hereby submits its Case Management Statement, pursuant to Federal Rule of Civil
3 Procedure 26(f) and Central District Civil Local Rule 26-1.  The parties have not met and
4 conferred regarding the issues discussed herein, and thus this statement is submitted by
5 Purseblog only.  Plaintiffs' counsel had asked Purseblog to stipulate to a continuance of
6 the Scheduling Conference, currently scheduled for June 28, 2012, to a date on or after
7 July 19, 2012 to accommodate plaintiffs' lead counsel's travel plans, or to allow her to
8 participate by telephone.  Counsel for Purseblog had expressed willingness to reach such
9 an agreement to be proposed to the Court, and also suggested agreeing upon a schedule
10 for Purseblog's anti-SLAPP motion in view of plaintiffs' counsel's travel plans, but
11 Purseblog's counsel has not heard back from plaintiffs' counsel and therefore is filing
12 this statement solely on Purseblog's behalf.

13 A.    Nature And Scope Of Claims And Defenses

14    Plaintiffs eDrop-Off Chicago, LLC and Corri McFAdden ("Plaintiffs") originally
15 brought this action against Nancy R. Burke ("Burke") and Purseblog asserting claims for
16 (1) defamation, (2) trade libel, (3) trademark infringement, (4) intentional interference
17 with contractual relations, (5) intentional interference with prospective economic
18 advantage, and (6) declaratory relief.  Plaintiffs' claims arose from allegedly defamatory
19 and disparaging statements posted by Burke on the online blog operated by Purseblog,
20 which allegedly accused plaintiffs of engaging in shill bidding on eBay.com.  Plaintiffs'
21 defamation and trade libel claims were asserted against Burke only.  Purseblog answered
22 the complaint on May 13, 2012, and immediately thereafter on the same day, plaintiffs
23 voluntarily dismissed Burke from this lawsuit.

24    Purseblog contends that this is a frivolous lawsuit barred by California's anti-
25 SLAPP statute, Cal. Code Civ. Proc. § 425.16, and preempted by Section 230 of the
26 Communications Decency Act ("CDA"), 47 U.S.C. 230(c).  Purseblog operates a blog,
27 where registered users may post comments.  Plaintiffs' claims against Purseblog are
28 predicated upon allegedly defamatory and injurious statements made by a third-party,

1

Burke, not Purseblog.  The Ninth Circuit has broadly construed Section 230 of the CDA to preempt virtually all speech-based claims (not merely defamation) brought against interactive computer services such as Purseblog for content created by others, such as Burke, and the claims asserted against Purseblog therefore have no merit.  *E.g., Perfect 10, Inc. v. CCBill, Inc.*, 488 F.3d 1102, 1118-19 (9th Cir.), *cert. denied*, 522 U.S. 1062 (2007) (holding that the CDA establishes "broad" "federal immunity" to any state law cause of action arising out of information posted by a user); *see also Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 254-55 (4th Cir. 2009) ("'[I]mmunity is an *immunity from suit* rather than a mere defense to liability' and 'it is effectively lost if a case is erroneously permitted to go to trial.' . . . .  We thus aim to resolve the question of § 230 immunity at the earliest possible stage of the case because that immunity protects websites not only from 'ultimate liability,' but also from 'having to fight costly and protracted legal battles.'") (citations omitted).  Under California law, a blog operator such as Purseblog is entitled to obtain dismissal with prejudice and recovery of its attorneys' fees under the anti-SLAPP statute, for claims preempted by the CDA.  *See Barrett v. Rosenthal*, 40 Cal. 4th 33, 41 (Cal. 2006) (affirming the propriety of awarding sanctions under California's anti-SLAPP motion where a plaintiff's claims are preempted by the CDA).  Purseblog intends to file its anti-SLAPP motion very soon.

B.    Settlement And ADR

Purseblog previously has proposed that the parties engage in direct settlement discussions or mediation.  To date, settlement efforts have been unproductive.

C.    Discovery

Purseblog will be filing an anti-SLAPP motion shortly.  Purseblog does not believe that any discovery will be required in connection with such a motion (and, indeed, in state court, it is prohibited without leave of court).  *See* Cal. Code Civ. Proc. § 425.16(g) (staying all discovery upon the filing of an anti-SLAPP motion).  Should Purseblog's anti-SLAPP motion be denied, Purseblog will meet and confer with plaintiffs regarding a mutually agreed upon date by which the parties will exchange their initial disclosures and

1   a schedule for conducting other discovery, including a discovery cut-off date.  At this

2   time, Purseblog does not anticipate a need for expert discovery and is not aware of any

3   changes that should be made to the limitations on discovery imposed under the federal or

4   local rules.  Purseblog is further unaware of any issues about claims of privilege or

5   protection.

6   D.      Proposed Schedule

7           Purseblog intends to file a motion under California's anti-SLAPP statute that it

8   anticipates will dispose of all of the claims asserted by plaintiffs.  Purseblog believes that

9   it is premature to set a pretrial schedule until that motion is decided by the Court.

10  Moreover, as of the date of this filing, plaintiffs have not proposed a case schedule or

11  offered to meet and confer to agree upon one.  Purseblog proposes that the Court defer

12  entering a scheduling order until it rules on that motion.  Purseblog anticipates filing its

13  anti-SLAPP motion very soon.

14  E.      Estimated Length Of Trial

15          In the event this case is not dismissed in response to Purseblog's anti-SLAPP

16  motion, Purseblog estimates a 2-3 day trial in this matter.

17  F.      Complex Case

18          This is not a complex case and would not otherwise benefit from the procedures

19  set forth in the Manual on Complex Litigation.

20  G.      Additional Parties

21          Purseblog is not aware of any reason to amend the complaint to add additional

22  parties.

23

24  ///

25  ///

26  ///

27  ///

28  ///

DEFENDANT'S RULE 26(f) REPORT

H.      Motions

        Purseblog intends to file a dispositive motion under California's anti-SLAPP statute very soon.


Dated:  June 22, 2012                    GREENBERG TRAURIG, LLP


                                         By: /s/ Ian C. Ballon
                                              IAN C. BALLON
                                              Attorneys for defendant
                                              Midley, Inc., d/b/a Purseblog.com

DEFENDANT'S RULE 26(f) REPORT