1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CALIFORNIA ANTI-SLAPP PROJECT**
Mark Goldowitz (SBN 96418)
Paul Clifford (SBN 119015)
2903 Sacramento Street
Berkeley, California 94702
Phone:  (510) 486-9123
Fax:     (510) 486-9708
Email:  mg@casp.net,
pc@casp.net

**GREENBERG TRAURIG, LLP**
Ian C. Ballon (SBN 141819)
Wendy Mantell (SBN 225544)
Lori Chang (SBN 228142)
1840 Century Park East, Suite 1900
Los Angeles, California  90067
Telephone: (310) 586-7700
Facsimile:  (310) 586-7800
Email:  ballon@gtlaw.com,
mantellw@gtlaw.com,
changl@gtlaw.com

Attorneys for defendant, Midley, Inc.,
d/b/a Purseblog.com

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDROP-OFF CHICAGO LLC and CORRI MCFADDEN,<br><br>          Plaintiffs,<br><br>vs.<br><br>NANCY R. BURKE, MIDLEY, INC. dba PURSEBLOG.COM, and DOES 1 through 10, inclusive,<br><br>          Defendants. | CASE NO. CV12 04095-GW FMOx<br><br>DEFENDANT MIDLEY, INC.'S NOTICE OF MOTION AND SPECIAL MOTION TO STRIKE PLAINTIFFS' COMPLAINT; MEMORANDUM OF POINTS OF AUTHORITIES<br>[CAL. CODE CIV. PROC. § 425.16]<br><br>Date:          August 9, 2012<br>Time:          8:30 a.m.<br>Courtroom:   10<br>Judge:         Hon. George H. Wu<br>Action Filed: May 10, 2012 |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on August 9, 2012, at 8:30 a.m., or as soon thereafter as the matter may be heard before the Honorable George H. Wu in Courtroom 10 of the United States District Court for the Central District of California, located at 312 North Spring Street, Los Angeles, CA, defendant Midley, Inc., dba Purseblog.com ("Purseblog") will and hereby does move this Court, pursuant to California Code of Civil Procedure § 425.16, California's anti-SLAPP statute, for an order striking plaintiffs eDrop-Off Chicago, LLC and Corri McFadden's Complaint in its entirety.

This motion is made on the grounds that plaintiffs' causes of action fall squarely within the scope of C.C.C.P. § 425.16(e)(3) and (e)(4) because they arise from Purseblog's exercise of free speech rights about a matter of public interest, and that plaintiffs will not be able to establish a probability that they will prevail on their claims, because, inter alia, they are barred by the section 230 of the Communications Decency Act, 47 U.S.C. § 230 and the relief sought amounts to a prior restraint prohibited by the First Amendment.  Therefore, their Complaint must be stricken in its entirety, and Purseblog should be awarded its attorneys' fees and costs, pursuant to C.C.C.P. § 425.16(c).

This motion is made following a conference of counsel pursuant to L.R. 7-3 which took place on July 2, 2012.  The special motion to strike is based upon this notice; the attached memorandum of points and authorities; the concurrently-filed declarations of Lori Chang, Vladimir Dusil, and Paul Clifford; on any other matters of which this Court may take judicial notice; on all pleadings, files, and records in this action; and on such other argument as may be received by this Court at the hearing on this motion.

DATED: July 9, 2012           CALIFORNIA ANTI-SLAPP PROJECT

By: /s/ Mark Goldowitz_____
                    Mark Goldowitz

Attorneys for Defendant MIDLEY, INC.,
dba Purseblog.com

# TABLE OF CONTENTS

TABLE OF CONTENTS ........................................................................ ii

TABLE OF AUTHORITIES ...................................................................iv

I.      INTRODUCTION.........................................................................1

II.     STATEMENT OF FACTS. ...........................................................1

III.    PLAINTIFFS CLAIMS ARE COVERED BY CALIFORNIA'S

        ANTI-SLAPP LAW ......................................................................4

        A.      The Anti-SLAPP Statute Was Enacted to Protect the Fundamental

                Constitutional Rights of Petition and Speech and Is to Be Construed

                Broadly. ...............................................................................4

                1.      Section 425.16 Sets Forth a Two-Step Analysis. ........................6

                2.      The Scope of Acts Covered by Section 425.16............................6

                3.      California Law Applies Here........................................................7

        B.      Plaintiffs' Claims Are Subject to Subdivisions (e)(3) and (e)(4) of the

                Anti-SLAPP Law Because They Arise From Statements Made in a

                Public Forum Regarding Issues of Public Interest. ...................8

                1.      Plaintiffs' Claims Are Covered Under Subdivision (e)(3)

                        Because the Statements Were Made in a Public Forum and Were

                        in Connection With Issues of Public Interest. ............................9

                        a.      The Statements Were Made in a Public Forum.................9

                        b.      The Statements Were Made in Connection With Issues of

                                Public Interest.................................................................10

                                i.      The Statements Are Consumer Protection

                                        Information. ......................................................11

                                ii.     The Statements Are About an Issue of Public

                                        Interest – the Plaintiffs. ..........................................13

                2.      Plaintiffs' Claims Are Also Subject to Subdivision (e)(4) of the

                        Anti-SLAPP Law Because They Arise from Conduct in

Furtherance of the Exercise of the Right of Free Speech in

Connection with Issues of Public Interest. ..................................14

IV.   PLAINTIFFS CANNOT SHOW A PROBABILITY OF PREVAILING ON

THEIR CLAIMS BECAUSE PURSEBLOG IS IMMUNE FROM CIVIL

LIABILITY, PURSUANT TO CDA SECTION 230 AND THE

RELIEF SOUGHT AMOUNTS TO A PRIOR RESTRAINT ......................15

V.   PURSEBLOG SHOULD BE AWARDED ITS ATTORNEYS' FEES AND

COSTS. ..........................................................................................19

VI.   CONCLUSION. ...........................................................................20

DEFENDANT'S SPECIAL MOTION TO STRIKE COMPLAINT; MEMORANDUM

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Applied Med. Sys. v. English*, 2011 U.S. Dist. LEXIS 142073 (S.D. Cal. 2011) ...... 7

*Batzel v. Smith*, 333 F.3d 1018 (9th Cir. 2003) ..........................................................17

*Doe v. MySpace, Inc.*, 528 F.3d 413 (5th Cir. 2008)...................................................17

*Deutsch v. Turner Corp.*, 324 F.3d 692 (9th Cir. 2003)...............................................7

*Fair Housing Council of San Fernando Valley v. Roomates.com, LLC,*

    521 F.3d 1157 (9th Cir. 2008) ....................................................................17, 18

*Hilton v. Hallmark Cards*, 599 F.3d 894 (9th Cir. 2010)..........................................10

*Metabolife Int'l, Inc. v. Wornick*, 264 F.3d 832 (9th Cir. 2001) .................................5

*Metabolife Int'l, Inc. v. Wornick*, 213 F. Supp. 2d 1220 (S.D. Cal. 2002) ...............19

*Nebraska Press Ass'n v. Stuart,* 427 U.S. 539 (1976)..........................................8, 19

*Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.,*

    591 F.3d 250 (4th Cir. 2009) ....................................................................16, 17

*Newsham v. Lockheed Missiles & Space Co., Inc.,*

    190 F.3d 963 (9th Cir. 1999) ...................................................................8, 19

*Nicosia v. DeRooy*, 72 F. Supp. 2d 1093 (C.D. Cal. 1999).......................................13

*Perfect 10, Inc. v. CCBill, Inc.*, 488 F.3d 1102 (9th Cir. 2007) ..........................16, 18

*Price v. Stossel*, 590 F.Supp. 2d 1262 (C.D. Cal. 2008) .............................................8

*Price v. Stossel*, 620.F.3d 992 (9th Cir. 2010) ...........................................................5

*Public Service Commission of Utah v. Wycoff Co.*, 344 U.S. 237 (1952) ...............18

*Thomas v. Fry's Electronics, Inc.*, 400 F.3d 1206 (9th Cir. 2005) ............................8

*Thomas v. L.A Times Communications LLC,* 189 F. Supp. 2d 1005 (C.D. 2002) ....19

*Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995).......................................................18

## STATE CASES

*Barrett v. Rosenthal*, 40 Cal.4th 33, 51 Cal. Rptr. 3d 55 (2006).........................4, 6, 9

DEFENDANT'S SPECIAL MOTION TO STRIKE COMPLAINT; MEMORANDUM

*Briggs v. Eden Council for Hope and Opportunity*, 19 Cal. 4th 1106,

    181 Cal. Rptr. 2d 471 (1999)...........................................................................5

*Damon v. Ocean Hills Journalism Club*, 85 Cal. App. 4th 468,

    102 Cal. Rptr. 2d 205 (2000)..........................................................................9

*Dowling v. Zimmerman,* 85 Cal. App. 4th 1400, 103 Cal. Rptr. 2d 174 (2001).......10

*Equilon Enterprises v. Consumer Cause, Inc.*, 85 Cal. App. 4th 1400,

    103 Cal. Rptr. 2d 174 (2001)..........................................................................7

*GeneThera, Inc. v. Troy & Gould Professional Corp.*, 192 Cal. App. 4th 449,

    125 Cal. Rptr. 2d 534 ....................................................................................6

*Gerawan Farming, Inc. v. Lyons*, 24 Cal. 4th 468, 101 Cal. Rptr. 2d 470 (2000) .....8

*Gilbert v. Sykes*, 147 Cal. App. 4th 13, 53 Cal. Rptr. 3d 752 (2007)........................12

*Governor Gray Davis Committee v. American Taxpayers Alliance*,

    192 Cal. App. 4th 449, 125 Cal. Rptr. 2d 534..................................................13

*Hylton v. Frank E. Rogozienski, Inc.*, 177 Cal. App. 4th 1264,

    99 Cal. Rptr. 3d 805 .....................................................................................13

*Ingels v. Westwood One Broadcasting Services, Inc.*, 129 Cal. App. 4th 1050,

    28 Cal. Rptr. 3d 933 (2005)...........................................................................10

*Ketchum v. Moses*, 24 Cal. 4th 1122, 104 Cal. Rptr. 2d 377 (2001)........................19

*Lee v. Fick*, 135 Cal. App. 4th 89, 37 Cal. Rptr. 3d 375 (2005) .................................7

*Navellier v. Sletten,* 29 Cal. 4th 82, 124 Cal. Rptr. 2d 530 (2002) ............................6

*Nygård v. Uusi-Kertula*, 159 Cal. App. 4th 1027, 72 Cal. Rptr. 3d 210 (2008).......10

*Raining Data Corp. v. Barrenechea*, 175 Cal. App. 4th 1363,

    97 Cal. Rptr. 3d 196 (2009)............................................................................6

*Robertson v. Rodriguez*, 36 Cal. App. 4th 347, 42 Cal. Rptr. 2d 464 (1995) ..........19

*Seelig v. Infinity Broadcasting Corp.,* 97 Cal. App. 4th 798,

    119 Cal. Rptr. 2d 108 (2002)........................................................................10

*Simpson Strong-Tie Company v. Gore,* 49 Cal. 4th 12,

    109 Cal. Rptr. 3d 329 (2010).........................................................................6

DEFENDANT'S SPECIAL MOTION TO STRIKE COMPLAINT; MEMORANDUM

*Soukup v. Law Offices of Herbert Hafif*, 39 Cal. 4th 260,

    46 Cal. Rptr. 3d 638 (2006) ...........................................................13

*Taus v. Loftus* 40 Cal. 4th 683, 54 Cal. Rptr. 3d 775 (2007) .....................................15

*Varian Medical Systems v. Delfino,* 35 Cal. 4th 180,

    25 Cal. Rptr. 3d 298 (2005).....................................................5, 6

*Wilbanks v. Wolk*, 121 Cal. App. 4th 883, 17 Cal. Rptr. 3d 497 (2004) ..............9, 12

*Wilcox v. Superior Court*, 27 Cal. App. 4th 809, 33 Cal. Rptr. 2d 446 (1994)...........7

*Wilson v. Parker, Covert & Chidester*, 28 Cal. 4th 811,

    123 Cal. Rptr. 2d 19 (2003)...................................................6, 15

*Wong v. Jing*, 189 Cal. App. 4th 1354, 117 Cal. Rptr. 3d 747 (2010)...........9, 11, 12

**FEDERAL STATUTES**

United States Code

    28 U.S.C. § 2201 ..............................................................................13

    28 U.S.C. § 2202 ..............................................................................13

    47 U.S.C. § 230.......................................................1, 15, 16, 17, 18

    47 U.S.C. § 230 (c)(1) ...................................................................16

    47 U.S.C. § 230 (e)(3) ...................................................................16

    47 U.S.C. § 230 (f)(2)....................................................................16

**STATE STATUTES**

Code of Civil Procedure

    § 425.16 ..............................................................5, 6, 19, 21

    § 425.16 (a).......................................................................................5

    § 425.16 (b)....................................................................................17

    § 425.16 (b)(1)......................................................................4, 6, 19

    § 425.16 (c)....................................................................................17

    § 425.16 (c)(1)..........................................................................4, 19

    § 425.16 (e).................................................................................6, 7

    § 425.16 (e)(3) ...........................................................8, 9, 12, 15, 16

DEFENDANT'S SPECIAL MOTION TO STRIKE COMPLAINT; MEMORANDUM

1

§ 425.16 (e)(4) ............................................................................8, 10, 11, 14, 15

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT'S SPECIAL MOTION TO STRIKE COMPLAINT; MEMORANDUM

## I.      INTRODUCTION.

Plaintiffs filed a complaint to obtain a prior restraint to censor content and chill free expression on the blog of defendant Midley, Inc., dba Purseblog.com ("Purseblog").  After this Court denied plaintiffs' request for a temporary restraining order, they filed substantially the same lawsuit in Illinois, and sought to avoid the consequences of their misconduct under California's anti-SLAPP statute by seeking voluntary dismissal of this action.  This Court denied that request.

Plaintiffs' claims against Purseblog are subject to the California anti-SLAPP law because they arise from statements about issues of public interest—consumer protection information and statements about alleged misconduct by a reality television star and a top eBay seller—made in a public forum.  Plaintiffs cannot establish a probability that they will prevail on their claims against Purseblog because they are barred by section 230 of the Communications Decency Act ("CDA"), 47 U.S.C. § 230.  Therefore, defendant Purseblog's special motion to strike should be granted.

## II.     STATEMENT OF FACTS.

Plaintiff Cori McFadden, a reality television "star" and a public figure, founded plaintiff eDrop-Off, which is "a multi-million dollar online luxury apparel boutique."  Complaint, ¶ 6 (Doc. #1).  McFadden is the "star of the VH1 reality television series, *House of Consignment*."  *Id*., ¶ 7.  Plaintiffs' Complaint alleges that "eDrop-Off has become one of the nation's premier eBay stores specializing in the consignment and resale of high-end luxury apparel."  *Id*., ¶ 13.  Defendant Midley, Inc. does business as Purseblog.com, "an editorial website and discussion forum about designer bags . . . , which attracts over 95,000 daily visitors from around the world."  *Id.*, ¶ 9.  The Complaint alleges that "PurseBlog has become one of the Top 40 busiest online forum communities worldwide."  *Id.*, ¶ 26.

Plaintiffs' Complaint arises from alleged defamatory statements posted by

1

Nancy Burke, using the screen name "BeenBurned," on a blog hosted by Purseblog, which allegedly accuse plaintiffs of engaging in shill bidding on eBay. *See* Complaint, ¶¶ 3, 8, 16. The first two causes of action, for defamation and trade libel, are asserted against Burke only, who was voluntarily dismissed by plaintiffs on May 12, 2012. The third through sixth causes of action, for trademark infringement, intentional interference with contractual relations, intentional interference with prospective economic advantage, and declaratory relief, are asserted against both defendants. Purseblog's allegedly actionable conduct consists of its hosting Burke's comments on its website and allegedly refusing to comply with plaintiffs' demand that it remove Burke's allegedly defamatory posts and responses to it from its website and issue a correction; and that one of Purseblog's owners allegedly "contributed" a reply to Burke's blog entry—which was merely a statement about having received plaintiffs' cease-and-desist letter, and had nothing to do with the allegations of shill bidding—thereby "validating and directly participating in" the allegedly wrongful acts. Complaint, ¶¶ 3-4, 16-17, 25, 38-62, and Ex A.

Plaintiffs filed this suit on May 10, 2012, against Purseblog, a Florida entity owned by New York residents, in California – ostensibly because Los Angeles was the closest courthouse to plaintiffs' counsel's office. *See* Declaration of L. Chang ("Chang Dec."), Ex. F (May 18 California hearing transcript, at 14:22-25, 25:20-22). Without serving process or providing adequate notice for ex parte relief, plaintiffs sought a TRO in Los Angeles on May 11, 2012, that would have required Purseblog to take down statements posted on its blog by Burke, a third-party user, and to censor future statements by its users and block their postings if allegedly "defamatory" or even merely "disparaging" to plaintiffs. *See* plaintiffs' Notice of Ex Parte Application (Doc. #2), at p. 2. The California Complaint was filed just one day after Purseblog received a cease and desist letter from plaintiffs' counsel on May 9, 2012, alleging (without providing proof) that Burke's comments posted on

the blog were defamatory.  Nowhere in the letter did counsel mention the intent to file this suit or seek ex parte relief.  *See* Complaint, Ex. E (cease and desist letter).  At 9:17 p.m. eastern time on the evening of May 10, 2012, plaintiffs' counsel emailed a copy of the Complaint and notice of an intention to appear ex parte in LA on Friday morning, May 11, 2012, to Purseblog's Vladimir Dusil in New York.  *See* Declaration of V. Dusil ("Dusil Dec."), ¶ 4 and Ex. A.

This Court denied the TRO on Friday, May 11, and issued a written order expressing concerns about jurisdiction (subject matter and personal) and questioning the merits of plaintiffs' case, including their request for a prior restraint.  *See* Court's order denying the TRO (Doc. #7).  On that same day (but prior to learning about the denial of the TRO), Purseblog contacted plaintiffs and advised in an email sent at 1:09 p.m. on May 11, 2012, that it would seek dismissal and recovery of its fees under California's anti-SLAPP statute and the CDA if plaintiffs moved forward with litigation.  *See* Chang Dec., ¶ 2, Ex. A.  Plaintiffs subsequently advised that Judge Wu had denied their request for a TRO that morning, and they would be filing a Complaint and request for a TRO in Chicago.  Chang Dec., ¶ 2.  They subsequently did so and set a hearing in Chicago for Tuesday, May 15, on their motion for TRO (the same TRO denied by this Court earlier that morning).  *See id*.

Purseblog answered the California Complaint on May 12.  Chang Dec., ¶ 3.  In response, plaintiffs dismissed Burke from the California action later that evening on May 12 (Doc. #9) and moved ex parte in California, seeking voluntary dismissal of Purseblog, setting it also for the morning of May 15 (Doc. #10).  This Court's initial concern about personal jurisdiction in California was mooted at least with respect to Purseblog by the filing of its Answer, but rather than dismiss Purseblog from the Illinois Complaint, plaintiffs proceeded to dismiss Burke from the California Complaint for tactical reasons and notice an ex parte motion for voluntary dismissal of the California action.

DEFENDANT'S SPECIAL MOTION TO STRIKE COMPLAINT; MEMORANDUM

Purseblog opposed plaintiffs' ex parte application for voluntary dismissal as an attempt to avoid California's anti-SLAPP law and unfavorable Ninth Circuit CDA law and because there was no need to consider plaintiffs' motion for dismissal on an emergency, ex parte basis.  Doc. #13.  The Court did not grant ex parte relief but instead ordered further briefing on the issue of prejudice. Doc. #16.

After the parties submitted supplemental briefs on plaintiffs' application for voluntary dismissal, as authorized by this Court, plaintiffs improperly submitted what was essentially a further uninvited brief, disguised as a stipulation (Doc. #37) and another uninvited submission (Doc. #39).  This Court denied plaintiffs' ex parte application for voluntary dismissal.  Doc. #42-1.

Plaintiffs ultimately sought and were denied three separate TROs against Purseblog to censor prospective speech by third party users of Purseblog – once in this Court (Doc. # 7) and on two separate occasions in the Chicago action.  Chang Dec., ¶¶ 2, 4, and Exs. C, E.

On July 2, 2012, counsel for both sides participated in a pre-filing meet and confer telephone conference with respect to this motion.  Chang Dec., ¶ 6.

III.   **PLAINTIFFS' CLAIMS ARE COVERED BY CALIFORNIA'S ANTI-SLAPP LAW.**

A.   **The Anti-SLAPP Statute Was Enacted to Protect the Fundamental Constitutional Rights of Petition and Speech and Is to Be Construed Broadly.**

California's anti-SLAPP statute is intended to permit a defendant to obtain an early dismissal with prejudice of claims "arising from any act of that person in furtherance of the person's right of petition or free speech under the United States Constitution or the California Constitution in connection with a public issue," and mandates that attorneys' fees be awarded to the prevailing defendant.  Cal. Code Civ. Proc. §§ 425.16(b)(1), 425.16(c)(1); *see also Barrett v. Rosenthal*, 40 Cal. 4th

4

33, 40-41 & n.4, 51 Cal. Rptr. 3d 55, 58-59 & n.4 (Cal. 2006) (affirming the dismissal of complaint under California's anti-SLAPP statute where a plaintiff's claims are preempted by the CDA and the allegedly defamatory statements published on an Internet discussion forum constituted speech protected by anti-SLAPP statute); *Price v. Stossel*, 620 F.3d 992, 1000 (9th Cir. 2010) ("California's anti-SLAPP statute permits courts at an early stage to dismiss meritless defamation cases 'aimed at chilling expression through costly, time-consuming litigation.'") (quoting *Metabolife Int'l, Inc. v. Wornick*, 264 F.3d 832, 839 (9th Cir. 2001)).

In 1992, in response to the "disturbing increase" in meritless lawsuits brought "to chill the valid exercise of the constitutional rights of freedom of speech and petition for the redress of grievances," the California Legislature overwhelmingly enacted section 425.16, California's anti-SLAPP law.  Cal. Stats. 1992, ch. 726, § 2.  In 1997, the Legislature unanimously amended the statute to expressly state that it "shall be construed broadly."  Cal. Stats. 1997, ch. 271, § 1; amending Cal. Code Civ. Proc. § 425.16(a).  Subdivision (a) of section 425.16 provides in pertinent part:

> The Legislature finds and declares that it is in the public interest to encourage continued participation in matters of public significance, and this participation should not be chilled through abuse of the judicial process.  *To this end, this section shall be construed broadly.*  (Emphasis added.)

In 1999, the California Supreme Court underscored this requirement of broad construction, directing that courts, "whenever possible, should interpret the First Amendment and section 425.16 in a manner 'favorable to the exercise of freedom of speech, not to its curtailment.'"  *Briggs v. Eden Council for Hope and Opportunity*, 19 Cal. 4th 1106, 1119 81 Cal. Rptr. 2d 471, 479 (1999) (citation omitted).  As that Court has noted, "'the point of the anti-SLAPP statute is that you have a right *not* to be dragged through the courts because you exercised your constitutional rights.'"  *Varian Medical Systems v. Delfino,* 35 Cal. 4th 180, 193, 25 Cal. Rptr. 3d 298, 308 (2005) (emphasis in original; citation omitted).

### 1. Section 425.16 Sets Forth a Two-Step Analysis.

Section 425.16 sets forth a two-step process for evaluating a special motion to strike.  First, the defendant must make a prima facie showing that the plaintiff's cause of action arises from an act of the defendant in furtherance of the right of petition and/or the right of free speech in connection with a public issue.  Cal. Code Civ. Proc. § 425.16(b)(1); *Simpson Strong-Tie Company v. Gore*, 49 Cal. 4th 12, 21, 109 Cal. Rptr. 3d 329, 336 (2010).  Once the defendant makes this showing, the burden shifts to the plaintiff to establish a probability of prevailing on the claims by establishing that "the complaint is both legally sufficient and supported by a sufficient prima facie showing of facts to sustain a favorable judgment."  *Wilson v. Parker, Covert & Chidester*, 28 Cal. 4th 811, 821, 123 Cal. Rptr. 2d 19, 26 (2003) (citations and internal punctuation omitted).  If the plaintiff does not meet this burden, the defendant's motion *must* be granted.  *Varian*, 35 Cal. 4th at 192.

### 2. The Scope of Acts Covered by Section 425.16.

Subdivision (e) of the anti-SLAPP statute provides illustrations of the types of acts covered by the statute, including the following:  "(3) any written or oral statement or writing made in a place open to the public or a public forum in connection with an issue of public interest; (4) or any other conduct in furtherance of the exercise of the constitutional right of petition or the constitutional right of free speech in connection with a public issue or an issue of public interest." The California anti-SLAPP law applies to many different types of claims.  Indeed, "[n]othing in the statute . . . excludes any particular type of action from its operation."  *Navellier v. Sletten*, 29 Cal. 4th 82, 92, 124 Cal. Rptr. 2d 530, 539.  The anti-SLAPP law has been applied to *each* of the causes of action plaintiffs allege in their Complaint here:  defamation (*Barrett*, 40 Cal. 4th at 40-41, 63), trade libel (*Raining Data Corp. v. Barrenechea*, 175 Cal. App. 4th 1363, 1368-72, 97 Cal. Rptr. 3d 196, 200-202 (2009)), intentional interference with contractual relations (*GeneThera, Inc. v. Troy & Gould Professional Corp.*, 171 Cal. App. 4th 901, 907-

6

8, 90 Cal. Rptr. 3d 218, 222-3 (2009)), intentional interference with prospective economic advantage (*Lee v. Fick*, 135 Cal. App. 4th 89, 93, 98, 37 Cal. Rptr. 3d 375, 377, 381 (2005)), trademark infringement (*Applied Med. Sys. v. English*, 2011 U.S. Dist. LEXIS 142073, *1-3 (S.D. Cal. 2011)), and declaratory relief (*Equilon Enterprises v. Consumer Cause, Inc.*, 29 Cal. 4th 53, 67, 124 Cal. Rptr. 2d 507, 518 (2002).  Indeed, several of plaintiffs' claims here are among the favored causes of actions in SLAPPs:  "The favored causes of action in SLAPP suits are defamation, various business torts such as interference with prospective economic advantage, nuisance and intentional infliction of emotional distress." *Wilcox v. Superior Court*, 27 Cal. App. 4th 809, 816, 33 Cal. Rptr. 2d 446, 449 (1994)  (disapproved on another point in *Equilon*, 24 Cal. 4th at 68, n.5).

### 3.    California Law Applies Here.

California law applies to this lawsuit.  Plaintiffs invoked California law in their Complaint.  *See* Complaint, ¶ 60.  Moreover, the Court previously rejected plaintiffs' argument that California's anti-SLAPP statute would not apply to this case, stating:

> When [plaintiffs] filed their Complaint, they did so in a California federal court and asserted only common law claims without specifying any particular state's law governing those claims.  All involved had every right to assume that Plaintiffs were advancing claims under California law.  *See Deutsch v. Turner Corp.*, 324 F.3d 692, 716 (9th Cir. 2003).  In addition, what is involved here is speech over the Internet.  Why Plaintiffs believe such speech simply could not be understood as raising claims under California law (especially considering the location of their Complaint's filing) is something of a mystery.

Ruling on *Ex Parte* Motion for Voluntary Dismissal (Doc. #36), p. 4 (footnote omitted).

DEFENDANT'S SPECIAL MOTION TO STRIKE COMPLAINT; MEMORANDUM

It is well established that state claims in federal court are subject to California's anti-SLAPP law.  *See, e.g., Newsham v. Lockheed Missiles & Space Co., Inc.*, 190 F.3d 963, 970-73 (9th Cir. 1999*); Thomas v. Fry's Electronics, Inc.*, 400 F.3d 1206, 1207 (9th Cir. 2005) (reversing district court for failing to apply anti-SLAPP statute); *Price v. Stossel*, 590 F. Supp. 2d 1262, 1266 (C.D. Cal. 2008), *aff'd*, 620 F.3d 992, 1000 (9th Cir. 2010).  All of plaintiffs' claims are based on California substantive law.

Further,  the right to freedom of speech set forth in the California Constitution is broader than the First Amendment, as it is expressly declared as a "right" and "not merely [a] safeguard . . . against encroachment," and is "unbounded in range" and "'unlimited' in scope.  *Gerawan Farming, Inc. v. Lyons*, 24 Cal. 4th 468, 492-3, 101 Cal. Rptr. 2d 470, 487-8 (2000).  Denying these protections materially impacts not only Purseblog but its California users, who are alleged to have viewed the online statements made about plaintiffs and their alleged activities on eBay (a California company) and whose rights are also adversely implicated by plaintiffs' SLAPP.  *See Lyons*, 24 Cal. 4th at 485 (the right to freedom of speech is afforded "not only to one who speaks but also to those who listen"); Complaint, ¶¶ 4 and 12 (alleging that Purseblog's website is viewed by California residents and "BeenBurned's Blog Entry has spawned a widespread outcry against them" with "over 8,500 views").  Here, plaintiffs are seeking a prior restraint in violation of these constitutional free speech rights.  *See Nebraska Press Ass'n v. Stuart*, 427 U.S. 539, 559 (1976) (ruling that prior restraints are unconstitutional because they are "the most serious and the least tolerable infringement on First Amendment rights.").

**B.**   **Plaintiffs' Claims Are Subject to Subdivisions (e)(3) and (e)(4) of the Anti-SLAPP Law Because They Arise From Statements Made in a Public Forum Regarding Issues of Public Interest.**

DEFENDANT'S SPECIAL MOTION TO STRIKE COMPLAINT; MEMORANDUM

1          **1.      Plaintiffs' Claims Are Covered Under Subdivision (e)(3)**

2          **Because the Statements Were Made in a Public Forum and**

3          **Were in Connection With Issues of Public Interest.**

4          Each of plaintiffs' claims against Purseblog are subject to subdivision (e)(3)

5     of the anti-SLAPP law because they arise from "statement[s] or writing[s] made in

6     a place open to the public or a public forum in connection with an issue of public

7     interest."

8          **a.      The Statements Were Made in a Public Forum.**

9          The term "public forum" is traditionally defined as a place that is open to the

10    public where information is freely exchanged.  *Damon v. Ocean Hills Journalism*

11    *Club*, 85 Cal. App. 4th 468, 475, 102 Cal. Rptr. 2d 205, 209 (2000).  Websites and

12    blogs have become the modern town square, where people gather to discuss just

13    about any subject imaginable, and are public fora.  The California Supreme Court

14    has held that allegedly defamatory statements made in Internet postings on an

15    online discussion forum constituted speech protected by the anti-SLAPP law,

16    concluding that "[w]eb sites accessible to the public, like the 'newsgroups' where

17    [defendant operator of the website] posted [third party's] statement, are 'public

18    forums' for purposes of the anti-SLAPP statute."  *Barrett*, 40 Cal. 4th at 41 n.4; *see*

19    *also Wong v. Jing*, 189 Cal. App. 4th 1354, 1366, 117 Cal. Rptr. 3d 747, 759 (2010)

20    (Yelp! consumer review site); *Wilbanks v. Wolk*, 121 Cal. App. 4th 883, 897, 17

21    Cal. Rptr. 3d 497, 505 (2004) (consumer information website).

22         Here, the Complaint alleges that the wrongful statements about plaintiffs

23    were posted on the Purseblog website by a third-party user, namely Burke.

24    Complaint, ¶¶ 3-5, 16-18, 24, 25, 30, 33, 39.  Each of these allegations is

25    incorporated into the causes of action against defendant Purseblog.  Complaint, ¶¶

26    44, 50, 55, 63**.**  Purseblog is an online forum where third-party users may sign up

27    for free and post messages on discussion forums hosted on the site.  Dusil Dec., ¶ 3**.**

28    Plaintiffs allege that Purseblog is "an editorial website and discussion forum about

9

1  designer bags . . . which attracts over 95,000 daily visitors from around the world."

2  Complaint, ¶ 9; see also ¶ 26.  Plaintiffs also allege that Purseblog "is a website that

3  is accessible to and frequently trafficked by California residents" (*id.*, ¶ 12) and "is

4  a widely disseminated and reviewed online discussion forum" (*id.*, ¶ 39).  Indeed,

5  plaintiffs allege that Purseblog is a public forum.  *Id.*, ¶ 33.  Thus, it is clear that

6  Purseblog is a public forum.

7          **b.**    **The Statements Were Made in Connection**

8                  **With Issues of Public Interest.**

9        The requirement that the activity be "'in connection with an issue of public

10  interest' . . . is to be 'construed broadly' so as to encourage participation by all

11  segments of our society in vigorous public debate related to issues of public

12  interest."  *Seelig v. Infinity Broadcasting Corp.*, 97 Cal. App. 4th 798, 808, 119 Cal.

13  Rptr. 2d 108, 115 (2002).  For example, in *Nygard v. Uusi-Kertula*, the court

14  rejected the plaintiff's narrow interpretation of the anti-SLAPP law, holding that

15  under the required broad construction, "'an issue of public interest' . . . is *any issue*

16  *in which the public is interested*."  *Nygard*, 159 Cal. App. 4th 1027, 1042, 72 Cal.

17  Rptr. 3d 210, 220 (2008) (emphasis in original) (statements about plaintiff, a

18  prominent Finnish businessman, concern an issue of public interest among the

19  Finnish public).  The Ninth Circuit has affirmed that courts "must construe . . .

20  'issue of public' in section 425.16(e)(4) broadly" to include any "topic of

21  widespread, public interest."  *Hilton v. Hallmark Cards*, 599 F.3d 894, 906 (9th Cir.

22  2010).  The public interest requirement has, in fact, been construed broadly.  *See*

23  *Seelig,* 97 Cal. App. 4th at 807-8 (a radio "shock jock's" commentary about

24  plaintiff's decision to appear on the television show Who Wants to Marry a

25  Multimillionaire? involved an issue of public interest); *Ingels v. Westwood One*

26  *Broadcasting Services, Inc.*, 129 Cal. App. 4th 1050, 1064, 28 Cal. Rptr. 3d 933,

27  941 (2005) (interchange on radio call-in talk show regarding whether caller was too

28  old to participate in the show involved a matter of public interest); *Dowling v.*

10

DEFENDANT'S SPECIAL MOTION TO STRIKE COMPLAINT; MEMORANDUM

*Zimmerman* 85 Cal. App. 4th 1400, 1420, 103 Cal. Rptr. 2d 174, 190 (2001) (statement that someone had entered the tenants' locked garage and turned the dial of their water heater off was protected under subd. (e)(4), even though it directly affected only two tenants).

Here, the statements posted by Burke (and other Purseblog users) constitute consumer information about questionable transactions on the eBay auction website by one of its biggest sellers. In addition, plaintiff McFadden is a public figure and matters about her and her business, plaintiff eDropOffChicago LLC (which apparently is the subject matter of her "reality" TV show) are themselves issues of public interest. The subject statements are therefore in connection with issues of public interest and are protected under the anti-SLAPP law.

### i.        The Statements Are Consumer Protection Information.

Consumer feedback such as Purseblog users' comments about plaintiffs' business are exactly the sort of protected speech that the anti-SLAPP statute is intended to protect, and are considered a matter of "public interest" under the statute. *See Wong*, 189 Cal. App. 4th at 1366 ("[C]onsumer information that goes beyond a particular interaction between the parties and implicates matters of public concern that can affect many people is generally deemed to involve an issue of public interest for purposes of the anti-SLAPP statute.") (concluding that defendant's postings on Yelp about plaintiff's dental practice constituted protected speech under anti-SLAPP law).

The statements at issue here provided members of the public with information about questionable transactions by plaintiffs on the eBay auction website. The statements posted by Burke allegedly accused plaintiffs of using "shill bidders" to drive up the prices on items that they were selling, which is in violation of eBay's rules, and which is also, at least potentially, illegal. Complaint, ¶¶ 16-17. Further, plaintiffs allege that eDrop-Off is a Titanium Power Seller on

11

eBay and that "eDrop-Off has become one of the nation's premier eBay stores specializing in the consignment and resale of high-end luxury apparel." Declaration of C. McFadden, previously filed on May 10, 2012, ¶¶ 2, 11; Complaint, ¶¶ 13-14.  According to eBay, to be a Titanium Power Seller, one must have annual sales in excess of $1.8 million, or more than 180,000 annual transactions on eBay.  Clifford Dec., ¶ 2, Exhibit A.  Plaintiffs also allege that Purseblog has some "95,000 daily visitors, [and] has become one of the most trafficked niche blogs in the shopping segment, garnering over 300,000 registered members and accounts for over 18 million entries [and] has become one of the Top 40 busiest online forum communities in the world."  Complaint, ¶ 26.  Plaintiffs further allege that Burke's statements have spawned a widespread outcry against them on Purseblog, and that consumers who have read the subject comments have acted in reliance on them.  *Id.*, ¶¶ 4, 16, 22-24.  The foregoing allegations are incorporated into each of the causes of action against Purseblog.  *Id*., ¶¶ 44, 50, 55 and 63.

Consumer protection information, such as the statements in question here, is protected by subdivision (e)(3).  *See Wong*, 189 Cal. App. 4th at 1366; *Wilbanks*, 121 Cal. App. 4th at 898-900 ("[The] statements were a warning not to use plaintiffs' services.  In the context of information ostensibly provided to aid consumers choosing among brokers, the statements, therefore, were directly connected to an issue of public concern," even though the brokers' business practices "do not affect a large number of people. . . .").  For example, in *Gilbert v. Sykes*, 147 Cal.App.4th 13, 23-24 (2007)*,* the first reason the court gave that defendant's comments about a cosmetic surgeon were protected by the anti-SLAPP statute was that her discussion of her own experience with the surgeon itself contributed to the public debate about cosmetic surgery because it related to the risks and benefits of cosmetic surgery.  Similarly, the allegedly wrongful statements here contributed to the public discussion about plaintiffs' eBay transactions.

Further, where statements relate to potential criminal acts, courts have found that such comments are connected to an issue of public interest.  *See, e.g., Nicosia v. DeRooy*, 72 F. Supp. 2d 1093, 1096, 1102, 1110 (C.D. Cal. 1999) (article accusing plaintiff of embezzling money from Jack Kerouac's heirs).

Plaintiffs allege that the subject statements "falsely accuse Plaintiffs of engaging in a practice known as 'shill bidding' and advises consumers not to do business with Plaintiffs."  Complaint, ¶¶ 3, 17, 18, 30.  Plaintiffs allege that Burke "also advises consumers that they 'probably don't want to do business with edropoff', . . . accuses Plaintiffs of 'illegal' activity and encourages consumers to report them to VH1, claims that eDrop-Off is 'cheating his/her buyers', and generally facilitates (through PurseBlog) a defamatory virtual discourse that has been viewed over 6,000 times."  *Id.*, ¶ 18.

Plaintiffs' assertion that Burke's statements are false is an issue to be determined in the second prong of the anti-SLAPP analysis—whether plaintiffs have established a probability of prevailing on their claims—and cannot be used to deny defendant the protection of the anti-SLAPP law.  *See Soukup v. Law Offices of Herbert Hafif*, 39 Cal. 4th 260, 285-86, 46 Cal. Rptr. 3d 638, 657-658 (2006); *Governor Gray Davis Committee v. American Taxpayers Alliance*, 192 Cal. App. 4th 449, 457-60, 125  Cal. Rptr. 2d 534, 540-542 (2002); *Hylton v. Frank E. Rogozienski, Inc*., 177 Cal. App. 4th 1264, 1268 n.3, 99 Cal. Rptr. 3d 805, 807 n.3 (2009).

### ii.    The Statements Are About an Issue of Public Interest—the Plaintiffs.

Plaintiffs—a "reality" television star who is herself a public figure and the company she operates, which is the subject matter of her TV series—are themselves matters of public interest.  Plaintiffs allege that McFadden "has been recently featured on a reality television show that has driven traffic to eDrop-Off auctions on eBay."  Complaint, ¶ 1; *see also id.*, ¶ 7.  Plaintiffs allege further that "eDrop-Off

13

DEFENDANT'S SPECIAL MOTION TO STRIKE COMPLAINT; MEMORANDUM

has become one of the nation's premier eBay stores specializing in the consignment and resale of high-end luxury apparel." *Id*., ¶ 13. Plaintiffs also allege that "Plaintiffs' success and positive repute is further supported by its social media following on Facebook and Twitter, which led to the production of a VH1 reality television series starring McFadden, called *House of Consignment . . .*" *Id*., ¶ 15. Plaintiffs allege that the statements at issue here have "spawned a widespread outcry against [plaintiffs]," generated over "180 (and counting)" responsive comments on Purseblog, and "received over 8,500 views." *Id*., ¶ 4. McFadden maintains a website where she promotes herself and eDrop-Off. Clifford Dec., ¶ 4, Exhibit C. Plaintiff eDrop-Off also maintains a website where it promotes itself and sells merchandise. *Id*.., ¶ 5, Exhibit D. Plaintiffs have been the subjects of widespread media interest. *Id*., ¶ 7, Exhibits E and F**.** Plaintiff eDrop-Off maintains a section of its website where it chronicles media coverage of McFadden and eDrop-Off, located at http://www.shopedropoff.com/content/press. *Id*., ¶ 7, Exhibit F. Recent Google searches for "eDrop-Off", "house of consignment", and "corri mcfadden" generated 122,000, 133,000, and 24,700 results respectively. *Id*., ¶ 8, Exhibit G.

Thus, it is clear that plaintiffs themselves are an issue of public interest. The statements about plaintiffs are, therefore, statements in connection with an issue of public interest.

> **2.    Plaintiffs' Claims Are Also Subject to Subdivision (e)(4) of the Anti-SLAPP Law Because They Arise from Conduct in Furtherance of the Exercise of the Right of Free Speech in Connection with Issues of Public Interest.**

Plaintiffs' claims against Purseblog are also subject to subdivision (e)(4) of the anti-SLAPP law (which does not have a public forum requirement) because they arise from "conduct in furtherance of the exercise of the constitutional right of petition or the constitutional right of free speech in connection with a public issue

DEFENDANT'S SPECIAL MOTION TO STRIKE COMPLAINT; MEMORANDUM

or an issue of public interest."  § 425.16(e)(4).  As discussed above, the requirement that the activity be "in connection with an issue of public interest" has been met here.

Here, Purseblog is being sued primarily because it is a website upon which the statements were hosted and it refused to remove them pursuant to plaintiffs' demand.  Complaint, ¶¶ 3-5, 9, 12, 16, 25-26, 39, 46, 47**.**  The conduct at issue here involves Purseblog's and its users' exercise of speech on the Internet and the California constitutional right of California users to read comments posted on this blog.  Plaintiffs have sued Purseblog for content posted by a third party user (Nancy Burke) on its online blog, which is "conduct in furtherance of . . . the constitutional right of free speech" and is protected activity.  *See* Complaint, ¶¶ 3-5, 8.

## IV.   PLAINTIFFS CANNOT SHOW A PROBABILITY OF PREVAILING ON THEIR CLAIMS BECAUSE PURSEBLOG  IS IMMUNE FROM CIVIL LIABILITY PURSUANT TO CDA SECTION 230 AND THE EQUITABLE RELIEF SOUGHT AMOUNTS TO A PRIOR RESTRAINT.

Since Purseblog has shown that plaintiffs' complaint arises from speech that is protected under sections 425.16(e)(3) and 425.16(e)(4), the burden shifts to plaintiffs to establish a *probability* of prevailing on their claims by establishing that "the complaint is both legally sufficient and supported by a sufficient prima facie showing of facts to sustain a favorable judgment."  *Wilson,* 28 Cal. 4th at 821.  Plaintiffs must meet this burden with admissible evidence. *Taus v. Loftus* (2007) 40 Cal. 4th 683, 729, 54 Cal. Rptr. 3d 775, 811 (2007).  They cannot do so, however, because, among other things, their claims against Purseblog are barred by federal law.

Binding precedent in the Ninth Circuit requires dismissal with prejudice of all of plaintiffs' claims against Purseblog, as preempted by section 230 of the CDA,

47 U.S.C. § 230(c)(l), which provides that no interactive computer service provider shall be held liable as a publisher or distributor of content originating from a third-party.  *See Perfect 10, Inc. v. CCBill, Inc.*, 488 F.3d 1102, 1118-19 (9th Cir. 2007), *cert denied*, 522 U.S. 1062 (2007).  Specifically, the CDA provides that:  "No provider or user of an interactive computer service shall be treated as the publisher or speaker of any information provided by another information content provider." 47 U.S.C. § 230(c)(l).  An interactive computer service is defined as "any information service, system, or access software provider that provides or enables computer access by multiple users to a computer server."  *Id.*, § 230(f)(2).  An information content provider "means any person or entity that is responsible, in whole or in part, for the creation or development of information provided through the Internet or any other interactive computer service."  *Id*., § 230(f)(3).  Section 230 further states that:  "No cause of action may be brought and no liability may be imposed under any State or local law that is inconsistent with this section."  *Id*., § 230(e)(3).

The exemption from liability created by section 230 must be construed broadly and its applicability should be determined as early in a case as possible to effectuate the intended result – to protect interactive computer service providers, including blog operators such as Purseblog.  *See Perfect 10*, 488 F.3d at 1118-19 (holding that the CDA establishes "broad" "federal immunity" to any state law cause of action arising out of information posted by a user, including state intellectual property claims); *see also Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 254-55 (4th Cir. 2009) ("'[I]mmunity is an immunity from suit rather than a mere defense to liability' and 'it is effectively lost if a case is erroneously permitted to go to trial.' . . . . We thus aim to resolve the question of § 230 immunity at the earliest possible stage of the case because that immunity protects websites not only from 'ultimate liability,' but also from 'having to fight costly and protracted legal battles.'") (citations omitted); *Doe v. MySpace,*

*Inc.*, 528 F.3d 413, 418 (5th Cir. 2008) ("Courts have construed the immunity provisions in § 230 broadly in all cases arising from the publication of user-generated content.").   In enacting section 230, "Congress wanted to encourage the unfettered and unregulated development of free speech on the Internet, and to promote the development of e-commerce."  *Batzel v. Smith*, 333 F.3d 1018, 1027 (9th Cir. 2003).

Purseblog, as a blog operator that allows users to register and post comments, is an interactive service provider.  *See* Dusil Dec, ¶ 3; *Nemet Chevrolet*, 591 F.3d at 250 (affirming dismissal of a claim against a consumer criticism site as preempted under the CDA).  Unlike *Nemet Chevrolet,* which involved a consumer criticism site focused expressly on negative comments about the plaintiff and other companies, users on Purseblog may post whatever comments they wish, subject only to the blog's terms of service.  *See* Dusil Dec., ¶ 3.  Yet, *Nemet Chevrolet* underscores that the CDA (and the First Amendment) protect even sites that specifically target companies with negative criticism.  As Chief Judge Kozinski made clear in his *en banc* decision in *Roommates.com*, traditional editorial functions such as editing or deleting portions of user posts are not actionable in the Ninth Circuit.  *Fair Housing Council of San Fernando Valley v. Roomates.com, LLC*, 521 F.3d 1157, 1167 (9th Cir. 2008) (en banc)  ("A website operator who edits user-created content—such as by correcting spelling, removing obscenity or trimming for length—retains his immunity for any illegality in the user-created content, provided that the edits are unrelated to the illegality.").  Moreover, mere solicitation or inducement is not actionable in the Ninth Circuit.  *See id.* at 1166 n.19.  Similarly, unlike physical world newspapers, interactive computer services such as Purseblog cannot be held liable for refusing to remove material after receiving notice that the material allegedly is defamatory.  *See id.* at 1170 n.29 (explaining that CDA preemption is not lost if a website performs ordinary editorial functions in removing content as "there can be no meaningful difference between

1    an editor starting with a default rule of publishing all submissions and then

2    manually selecting material to be removed from publication, and a default rule of

3    publishing no submissions and manually selecting material to be published—they

4    are flip sides of precisely the same coin").

5        Here, plaintiffs assert three counts of substantive state law claims against

6    Purseblog, which are all predicated upon the alleged defamatory and injurious

7    statements posted by a third-party user, namely Burke, not by Purseblog. *See*

8    Complaint, ¶¶ 16-18. Purseblog did not create or develop, in whole or in part, the

9    allegedly actionable statements by Burke upon which this lawsuit is based. Dusil

10    Dec., ¶ 5. The Ninth Circuit has broadly construed section 230 of the CDA to

11    preempt virtually all speech-based claims (not merely defamation) brought against

12    interactive computer services for content created by others, including expressly

13    state IP claims such as those asserted by plaintiffs in this action, and plaintiffs'

14    claims therefore have no merit under Ninth Circuit law. *See Perfect 10*, 488 F.3d at

15    1118-19. Further, under CDA § 230, interactive computer services such as

16    websites and blogs are "held responsible only for their own conduct"; they have

17    "no vicarious liability for the misconduct of their customers." *Fair Housing*

18    *Council of San Fernando Valley v. Roommate.com, LLC*, 521 F.3d at 1169 n.24 (*en*

19    *banc* opinion by Chief Judge Kozinski).

20        Plaintiffs' sixth cause of action, for declaratory relief, is entirely derivative of

21    and dependent upon its substantive causes of action, and creates no independent

22    substantive rights. *See* Complaint, ¶¶ 63-67; *Public Serv. Comm'n of Utah v.*

23    *Wycoff Co.*, 344 U.S. at 241 (the Declaratory Judgment Act is "an enabling Act,

24    which confers a discretion on the courts rather than an absolute right upon the

25    litigant"). Therefore, since plaintiffs' substantive claims against Purseblog are

26    without merit and should be struck, the derivative cause of action for declaratory

27    relief should also be struck, or dismissed. *Wilton v. Seven Falls Co.*, 515 U.S. 277,

28    287 (1995) (noting that the courts have a "unique breadth" of "discretion to decline

to enter a declaratory judgment").  Further, the equitable relief sought by plaintiffs amounts to an unconstitutional prior restraint.  *See, e.g., Nebraska Press Ass'n v. Stuart*, 427 U.S. at 559.

## V.    PURSEBLOG SHOULD BE AWARDED ITS ATTORNEYS' FEES AND COSTS.

If Purseblog's special motion to strike is granted, it will then be the prevailing defendant under section 425.16, which mandates that attorneys' fees be awarded to the prevailing defendant, when the plaintiff cannot meet its burden to establish probability of success on the merits.  Cal. Code Civ. Proc. §§ 425.16(b)(1), 425.16(c)(1).  California's anti-SLAPP statute requires that "[i]n any action subject to subdivision (b), a prevailing defendant on a special motion to strike *shall* be entitled to recover his or her attorney's fees and costs."  *Id.* § 425.16(c) (emphasis added); *see also Lockheed*, 190 F.2d at 1217-18 (fee provision of anti-SLAPP law is applicable in federal court); *Thomas v. L.A. Times Communications LLC*, 189 F. Supp. 2d 1005, 1017 (C.D. Cal. 2002) ("an award of attorneys' fees to a moving party is mandatory if a special motion to strike is granted").  The fee-shifting provision is intended to discourage lawsuits that are SLAPPs and encourage representation in suits for parties who might otherwise be unable to defend themselves.  *Ketchum v. Moses*, 24 Cal. 4th 1122, 1131, 104 Cal. Rptr. 2d 377, 383 (2001); *see also Metabolife Int'l., Inc. v. Wornick*, 213 F. Supp. 2d 1220, 1222 (S.D. Cal. 2002) ("'The right of prevailing defendants to recover their reasonable attorney fees under section 425.16 adequately compensates them for the expense of responding to a baseless lawsuit.'") (*quoting Robertson v. Rodriguez*, 36 Cal. App. 4th 347, 362, 42 Cal. Rptr. 2d 464 (1995)).  Therefore, Purseblog requests this Court find that it is entitled to an award of attorneys' fees and costs in an amount to be proven.

DEFENDANT'S SPECIAL MOTION TO STRIKE COMPLAINT; MEMORANDUM

## VI.   CONCLUSION

This case provides a textbook example of why anti-SLAPP motions are important to protecting the rights of California residents to speak and read blog posts and to deter claims of questionable merit that chill free speech and public participation.  Plaintiffs filed suit against a blog operator for claims preempted by federal law, seeking relief in the form of a mandatory injunction to censor speech and obtain a prior restraint barred by both the First Amendment and California's broader constitutional right to free speech.  Plaintiffs unsuccessfully sought three TROs against Purseblog to accomplish this result – one in this court and then, after being denied relief on May 11, two in a parallel action in Chicago filed for the purpose of forum shopping and subsequently litigated for the purpose of avoiding California's anti-SLAPP statute and unfavorable Ninth Circuit precedent.

Plaintiffs pursued Purseblog with a level of aggressiveness rarely seen in civil federal court proceedings involving major law firms – among other things, filing ex parte applications when noticed motions would have sufficed, seeking extraordinary relief without even attempting service of process, and filing supplemental briefs without leave of court – all of which had the effect of making this lawsuit extraordinarily time consuming and expensive for Purseblog to defend.  The California legislature understood that litigants with money to burn, such as plaintiffs in this case, could chill speech by forcing defendants to choose between financial ruin and the exercise of protected activities.  The California Supreme Court similarly has recognized that the anti-SLAPP statute protects defendants from having to incur the costs of Strategic Lawsuits Against Public Participation because merely prevailing on the merits is of little consequence if a defendant must suffer the time, expense and frustration associated with defending a SLAPP.  Absent the protections of the anti-SLAPP statute, plaintiffs would likely be successful in closing public fora and censoring and chilling free speech on blogs such as Purseblog.

DEFENDANT'S SPECIAL MOTION TO STRIKE COMPLAINT; MEMORANDUM

Plaintiffs' claims against Purseblog are subject to section 425.16 because they are statements on a public forum about issues of public interest – consumer protection information and statements about alleged misconduct by a popular reality television star and a top eBay seller.  They are also subject to section 425.16 because they implicate core First Amendment free speech protections.  Plaintiffs will not be able to establish a probability of prevailing on their claims against Purseblog because, inter alia, those claims are barred by the CDA.  Therefore, Purseblog's special motion to strike should be granted and it should be held to be entitled to recover its fees and costs, consistent with the mandate set forth under California's anti-SLAPP statute.

DATED:   July 9, 2012          CALIFORNIA ANTI-SLAPP PROJECT


                               By: /s/ Mark Goldowitz
                                   Mark Goldowitz

                               Attorneys for Defendant
                               Midley. Inc., dba Purseblog.com

DEFENDANT'S SPECIAL MOTION TO STRIKE COMPLAINT; MEMORANDUM