| | |
|---|---|
| EDWARDS WILDMAN PALMER LLP<br>Dominique R. Shelton (SBN 157710)<br>Erin L. Pfaff (SBN 259349)<br>9665 Wilshire Blvd., Suite 200<br>Beverly Hills, CA. 90212<br>Telephone: (310) 860-8700<br>Facsimile: (310) 860-3800<br>dshelton@edwardswildman.com<br>epfaff@edwardswildman.com<br><br>Attorneys for Plaintiffs,<br>EDROP-OFF CHICAGO LLC and<br>CORRI MCFADDEN | GREENBERG TRAURIG, LLP<br>Ian C. Ballon (SBN 141819)<br>Lori Chang (SBN 228142)<br>1840 Century Park East, Suite 1900<br>Los Angeles, California 90067<br>Telephone: (310) 586-7700<br>Facsimile: (310) 586-7800<br>Email: ballon@gtlaw.com,<br>changl@gtlaw.com<br><br>CALIFORNIA ANTI-SLAPP PROJECT<br>Mark Goldowitz (SBN 96418)<br>Paul Clifford (SBN 119015)<br>2903 Sacramento Street<br>Berkeley, California 94702<br>Telephone: (510) 486-9123<br>Facsimile: (510) 486-9708<br>Email: mg@casp.net, pc@casp.net<br><br>Attorneys for defendant, Midley, Inc., d/b/a<br>Purseblog.com |

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| EDROP-OFF CHICAGO LLC and<br>CORRI MCFADDEN<br><br>Plaintiffs,<br><br>v.<br><br>NANCY R. BURKE, MIDLEY, INC.<br>d/b/a PURSEBLOG.COM, and DOES 1-<br>10 inclusive<br><br>Defendant. | CASE No. 2:12-cv-04095-GW (FMOx)<br><br>Honorable George H. Wu<br><br>**JOINT FED. R. CIV. PROC. RULE 26(f)<br>SCHEDULING REPORT [L.R. 26-1]**<br><br>Date: July 23, 2012<br>Time: 8:30 a.m.<br>Location: Courtroom 10<br>312 North Spring St.<br>Los Angeles, CA<br><br>Action Filed: May 10, 2012 |

1

JOINT FRCP 26(f) REPORT

Pursuant to the Court's May 22, 2012 (Dkt. No. 17) and June 28, 2012 (Dkt. No. 46) Orders, counsel for Plaintiffs and Defendant Midley Inc. d/b/a PurseBlog.com ("Defendant" or "Purseblog") have conferred on all matters required by Federal Rules of Civil Procedure ("FRCP"), Rule 16 and Rule 26(f), Civil Local Rule 26-1, and the matters contained in this Court's Order. The parties now report to the Court on the following matters:

## I.  NATURE AND SCOPE OF CLAIMS AND DEFENSES

### The parties submit the following separate statements:

A. **Plaintiffs' Statement of Case**:  Plaintiffs originally brought this action on May 10, 2012 against Nancy R. Burke a/k/a BeenBurned ("Burke") and Purseblog asserting claims for (1) defamation, (2) trade libel, (3) trademark infringement, (4) intentional interference with contractual relations, (5) intentional interference with prospective economic relations, and (6) declaratory relief.  Plaintiffs' defamation and trade libel claims were only asserted against Burke, who was dismissed from this action on May 12, 2012.  Purseblog, the only remaining defendant in this action, answered the Complaint on May 12, 2012.  This action is about Defendant's unlawful, unfair, and deceptive trade practices.  More specifically, Defendant's reckless and intentional efforts to benefit its own business (and those of a few Defendant-selected members) and to increase its revenue at the expense of Plaintiffs by fostering, encouraging, and participating in misrepresentations and false accusations of criminal conduct about Plaintiffs.  The commercial speech at issue in this action—which seeks to discredit a competitor in the luxury handbag consignment market through false attacks on Plaintiffs' business practices—was published with the goal of driving advertising and sales revenue for Defendant through increased traffic on www.purseblog.com.  Despite Plaintiffs' attempts to remove or defend against these false and disparaging attacks against Plaintiff McFadden's livelihood, Defendant has continued to solicit, encourage, and engage in the posting of new, false accusations about Plaintiffs' business for its own commercial gain, and to prevent Plaintiffs from

1  posting any information that will show the falsity of the disparaging statements, to the
2  extent of disabling certain portions of Plaintiff McFadden's account on
3  www.purseblog.com and deleting material portions of Plaintiffs' responsive posts. As
4  Plaintiffs are suffering irreparable harm to their business and reputation, Plaintiffs are
5  seeking temporary, preliminary, and permanent injunctive relief and other equitable
6  relief; an order and declaration directing Defendant to immediately refrain from
7  further breaches of their contract with Plaintiff, which prohibits the publication of
8  attacks on its members on www.purseblog.com, and to remove the false, disparaging
9  and defamatory statements currently published on the website; and damages, costs and
10 fees.  Plaintiffs contend that Defendant is <u>not</u> protected or immune from liability under
11 Section 230 of the Communications Decency Act because, *inter alia*, Defendant's
12 created URLs for the defamatory threads on the website that encourage the posting of
13 false and disparaging content, Defendant's principal owner and moderator participates
14 in the threads, and Defendant's principal owner and moderator selectively edits and
15 unilaterally decides what content gets removed after take down notices are sent. *See,*
16 *e.g., Jones v. Dirty World Entm't Recordings, LLC,* 2012 U.S. Dist. LEXIS 2525 *11
17 (E.D. Ky. Jan. 10, 2012) (holding that CDA immunity did not apply to protect
18 Defendant website's conduct and explaining that one of the main reasons for such
19 finding was that "Richie adds his own comments to many postings, including several
20 of those concerning the plaintiff. . . . He also adds his own opinions as to what he
21 thinks of postings."); *Hy Cite Corp v. Badbusinessbureau.com,* 418 F. Supp. 2d 1142,
22 1148-49 (D.Ariz. 2005) (denying a motion to dismiss based on the CDA where the
23 plaintiff alleged that the defendant had produced editorial comments, titles and other
24 original content, contained in allegedly defamatory postings).

25    **B. Defendant's Statement of Case:**  Defendant Purseblog contends that this is
26 a frivolous lawsuit barred by California's anti-SLAPP statute, Cal. Code Civ. Proc. §
27 425.16, and preempted by Section 230 of the Communications Decency Act ("CDA"),
28 47 U.S.C. 230(c) and seeks a prior restraint prohibited by the First Amendment..

Defendant operates a blog, where registered users may post comments. Plaintiffs'
claims against Defendant are predicated upon allegedly defamatory and injurious
statements made by a third-party, Nancy Burke, not Defendant. The Ninth Circuit has
broadly construed Section 230 of the CDA to preempt virtually all speech-based
claims (not merely defamation) brought against interactive computer services, such as
Purseblog, for content created by others, such as Burke, and the claims asserted
against Purseblog therefore have no merit. *See e.g., Perfect 10, Inc. v. CCBill, Inc.*,
488 F.3d 1102, 1118-19 (9th Cir. 2007), *cert denied*, 522 U.S. 1062 (2007) (holding
that the CDA establishes "broad" "federal immunity" to any state law cause of action
arising out of information posted by a user); *see also Nemet Chevrolet, Ltd. v.
Consumeraffairs.com, Inc.*, 591 F.3d 250, 254-55 (4th Cir. 2009) ("'[I]mmunity is an
*immunity from suit* rather than a mere defense to liability' and 'it is effectively lost if a
case is erroneously permitted to go to trial.' . . . . We thus aim to resolve the question
of § 230 immunity at the earliest possible stage of the case because that immunity
protects websites not only from 'ultimate liability,' but also from 'having to fight
costly and protracted legal battles.'") (citations omitted). Under California law, a blog
operator such as Purseblog is entitled to obtain dismissal with prejudice and recovery
of its attorneys' fees under the anti-SLAPP statute, for claims preempted by the CDA.
*See Barrett v. Rosenthal*, 40 Cal. 4th 33, 41 (2006) (affirming the propriety of
awarding sanctions under California's anti-SLAPP statute where a plaintiff's claims
are preempted by the CDA).

## II.   DISCOVERY PLAN

**A. Defendant's Position**: To avoid further expenditure of fees in this SLAPP
lawsuit, Purseblog believes that discovery unrelated to Purseblog's anti-SLAPP
motion should be stayed pending a ruling on its anti-SLAPP motion. Purseblog does
not believe that discovery is necessary in connection with the motion, which is
focused on the improper purpose and relief sought by plaintiff's lawsuit. Indeed, in
state court, discovery is prohibited without leave of court. *See* Cal. Code Civ. Proc. §

4

425.16(g) (staying all discovery upon the filing of an anti-SLAPP motion).  In federal court, discovery may be permitted where a plaintiff meets the requirements of Rule 56(f).  *See Metabolife Int'l, Inc. v. Wornick*, 264 F.3d 832, 846 (9th Cir.2001) (ruling that the provisions of California's anti-SLAPP statute cannot be applied to conflict with Rule 56(f) which allows for "discovery 'where the nonmoving party has not had the opportunity to discover information that is essential to its opposition'" (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986)); *New.Net, Inc. v. Lavasoft*, 356 F. Supp. 2d 1090, 1101 (C.D. Cal. 2004) (ruling that a plaintiff seeking discovery to oppose an anti-SLAPP motion must make the requisite showing of need under Rule 56(f)); *Global Telemedia Intern., Inc. v. Doe*, 132 F. Supp. 2d 1261, 1271 (C.D. 2001) (granting anti-SLAPP motion and denying plaintiffs' request for discovery where the discovery sought was irrelevant to the issues raised by defendant's motion).  Short of such a showing, Purseblog does not believe that pre-motion discovery would be appropriate.

Purseblog does not believe that deferring discovery until after a ruling on its anti-SLAPP motion would impact the overall schedule for this case, even if its anti-SLAPP motion were to be denied and the case continued.

At this time, Purseblog does not anticipate a need for expert discovery and is not aware of any changes that should be made to the limitations on discovery imposed under the federal or local rules.  Purseblog is further unaware of any issues about claims of privilege or protection.

**B. Plaintiffs' Position:**  Plaintiffs disagree with Defendant's interpretation of the law with respect to discovery practices in federal court.  On the contrary, Plaintiffs believe that, in federal court, the filing of an anti-SLAPP motion does not stay discovery and, to the extent that Defendant's Anti-SLAPP Motion turns on questions of fact, Plaintiffs will—consistent with the law of this Court—likely seek limited discovery prior to submitting any opposition.  *See Rogers v. Home Shopping Network, Inc.*, 57 F.Supp.2d 973, 983 (C.D. Cal. 1999) (ruling that "[o]nly after discovery issues

5

1  are resolved and discovery is complete will it be appropriate for the Court to consider
2  the special motion to strike").

3  **C. Initial Disclosures:** Notwithstanding that Purseblog contends that discovery
4  should not commence until and unless the Court denies its anti-SLAPP motion,
5  consistent with the requirements of Rule 26 the parties have agreed to serve Initial
6  Disclosures by August 23, 2012.

7  **D. Subjects of Discovery:**

8  Plaintiff's position:

9  Plaintiffs contend that the subjects of discovery will include, but not necessarily
10 be limited to, the following:

11 **1.** Communications, documents, and information that relates to the first
12 defamatory thread appearing on Purseblog, which is entitled "another cheating shill
13 bidder big time seller" and is located at the URL http://forum.purseblog.com/ebay-
14 forum/another-cheating-shill-bidder-big-time-seller-748563.html ("First Defamatory
15 Thread"), including information about posts to the First Defamatory Thread that were
16 removed.

17 **2.** Communications, documents, and information that relates to the second
18 defamatory thread appearing on Purseblog, which is entitled "Edropoff consignment?"
19 and is located at the URL http://forum.purseblog.com/ebay-forum/edropoff-
20 consignment-731216.html ("Second Defamatory Thread"), including information
21 about posts to the Second Defamatory Thread that were removed.

22 **3.** Communications, documents, and information that refer or relates to any
23 users of www.purseblog.com whose accounts were deactivated, suspended, or
24 otherwise limited after they made contributed content to the First Defamatory Thread
25 or the Second Defamatory Thread.

26 **4.** Communications, documents, and information that relates to any private
27 or password-accessible forums (e.g., MarketPlaza) on www.purseblog.com (the
28 "Private PurseBlog Forums"), including a comprehensive list identifying all

1  individuals/members with access to the Private PurseBlog Forums and all
2  individuals/members designated as Purseblog "moderators" or "administrators."

3    **5.** Documents and communications by and/or between Vladimir Dusil
4  and/or Meaghan Mahoney Dusil ("PurseBlog Owners") to other members/users of
5  www.purseblog.com that refer or relate to eDrop-Off Chicago LLC and/or Corri
6  McFadden.

7    **6.** Communications, documents, and information that relates to any
8  advertising revenue generated by Defendant as a result of traffic to
9  www.purseblog.com, along with information related to Defendant's sales of products
10  or receipt of compensation in connection with the sale of products on its websites and
11  in its market places, such as the MarketPlaza or MP.

12    **7.** Communications, documents, and information that relates to any
13  payments, reward incentives, special privileges or other remunerations offered to
14  and/or provided to members/users of www.purseblog.com in exchange for, or as a
15  result of, their posting of content to the blog.

16    **8.** Communications by or between PurseBlog Owners that refer or relate to
17  the First Defamatory Thread, the Second Defamatory Thread, or Plaintiffs.

18    Defendant's position:

19    Purseblog contends that the above categories are overbroad given that the CDA
20  exempts interactive service providers, such as Purseblog, from liability for publishing
21  content posted by third-party users. Here, the complaint admits that Burke, and not
22  Purseblog, posted the alleged defamatory content at issue, and Purseblog is exempt
23  from liability under the CDA for any republication of blogs posted by a user. *See*
24  *Batzel v. Smith*, 333 F.3d 1018, 1031 (9th Cir. 2003) ("The "development of
25  information" therefore means something more substantial than merely editing portions
26  of an e-mail and selecting material for publication. Because Cremers did no more than
27  select and make minor alterations to Smith's e-mail, Cremers cannot be considered the

28

1  *content provider of Smith's e-mail for purposes of § 230.")*. In short, the subject
2  matters identified by Plaintiffs are not reasonably tailored to the claims at issue.

3  **E. Limitations on Discovery.** At this time, the parties are not aware of any
4  changes that should be made to the limitations on discovery imposed under the federal
5  or local rules.

6  **F. Expert Witnesses**. At this time, Plaintiffs anticipate a need for two (2)
7  expert witnesses – one on damages and potentially one on the limits of protections
8  afforded by Section 230 of the Communications Decency Act. Plaintiffs contend that
9  there is precedent for both types of experts in this Circuit in these types of cases.

10  Purseblog questions the need for a legal expert in this case, which is governed by
11  U.S. law which the Court is capable of construing on its own, based on arguments by
12  counsel.

13  **III. OTHER ISSUES REGARDING PLEADINGS AND MOTIONS**

14  **A. Amended Pleadings.** Plaintiffs intend to file a Motion for Leave to
15  Amend the Complaint to add some new and/or supplemental factual allegations that
16  directly relate to the claims asserted against Defendant and the extent of Defendant's
17  participation/involvement in the wrongful conduct alleged in the Complaint. Plaintiffs
18  will also seek leave to amend the causes of action asserted against Defendant.

19  <u>Plaintiffs' Position:</u>  On July 2, 2012, Plaintiffs discussed their intent to file a
20  First Amended Complaint. On July 6, 2012, Plaintiffs provided Defendant with a
21  copy of the propose First Amended Complaint. The parties are set to further discuss
22  the First Amended Complaint on July 10, 2012.

23  <u>Defendant's Position:</u>  The parties are scheduled to meet and confer on plaintiff's
24  proposal to amend their complaint on July 10, 2012. On July 2, 2012, the time the
25  parties met and conferred on Purseblog's Anti-SLAPP motion, Plaintiffs advised
26  Purseblog of their intent to file an amended complaint. Purseblog advised that the
27  parties could not meet and confer on this issue without first reviewing the proposed
28  amended complaint. Plaintiffs provided Purseblog with a copy of their proposed

amended complaint on July 6, and the parties agreed to meet and confer on Plaintiffs' request to file the amended complaint on July 10, 2012.  The proposed pleading deletes all of the California claims that are the subject of Purseblog's pending anti-SLAPP motion and purports to replead the same claims (and others) under Illinois law, for reasons which Purseblog assumes will be explained when the parties meet and confer.

**B.  Additional Parties**.  At this time, the parties are not aware of any reason to amend the complaint to add additional parties.

**C. Dispositive Motions.**  Purseblog has filed a dispositive motion under California's anti-SLAPP statute (Cal. Code Civ. Proc. § 425.16), set for hearing on August 9, 2012 at 8:30 a.m.

**IV.   SETTLEMENT & ADR.**

The parties have exchanged settlement communications, but, to date, such efforts have been unproductive.

**V.    ESTIMATED LENGTH OF JURY TRIAL**

Plaintiffs contend that should this case proceed to trial, plaintiffs estimate it would last five (5) to seven (7) days.

Purseblog contends that in the event this case is not dismissed in response to its anti-SLAPP motion, Purseblog estimates a 2-3 day trial in this matter..

**VI.   COMPLEX CASE**

This is not a complex case and would not otherwise benefit from the procedures set forth in the Manual on Complex Litigation.

///
///
///
///
///
///

JOINT FRCP 26(f) REPORT

## VII.  TRIAL SCHEDULING

The parties propose the following schedule:

A.  Non-Expert Discovery Cut-Off:  June 28, 2013

B.  Expert Discovery Cut-Off:  July 19, 2013

C.  Motion Hearing Cut-Off:  August 26, 2013

D.  Final Pre-Trial Conference:  September 9, 2013

E.  Trial Date:  September 16, 2013

Dated:  July 9, 2012                     EDWARDS WILDMAN PALMER LLP

By: /s/ Dominique R. Shelton
       Dominique R. Shelton

Attorneys for Plaintiffs, eDrop-Off
Chicago LLC and Corri McFadden

Dated:  July 9, 2012                     GREENBERG TRAURIG, LLP

By: /s/ Ian C. Ballon
       Ian C. Ballon

Attorneys for Defendant,
Midley, Inc. d/b/a Purseblog.com