# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 12-4095 GW (FMOx) | Date | August 9, 2012 |
|---|---|---|---|
| Title | *eDrop-Off Chicago LLC, et al. v. Burke, et al.* | | |

Present: The Honorable    GEORGE H. WU, UNITED STATES DISTRICT JUDGE

| Javier Gonzalez | Anne Kielwasser | |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Dominique R. Shelton | Ian C. Ballon |
| Erin L.J. Pfaff | Lori Chang |
| | Mark Goldowitz - by telephone |

**PROCEEDINGS:**   **PLAINTIFFS' MOTION FOR LEAVE TO CONDUCT DISCOVERY, PURSUANT TO RULE 56(d) OF THE FED. RULES OF CIVL PROC. AND IN CONNECTION WITH DEFENDANT MIDLEY, INC.'S MOTION TO STRIKE COMPLAINT PURSUANT TO CCP §425.16 (filed 07/20/12);**

**PLAINTIFFS' MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT (filed 07/23/12)**

The Court's Tentative is circulated and attached hereto. Court and counsel confer re settlement. Parties are referred to Magistrate Judge Fernando M. Olguin for settlement. Counsel will contact Judge Olguin's clerk by August 17, 2012 re dates. A Status Conference is set for **August 20, 2012 at 8:30 a.m.** The status conference will be taken off-calendar provided that a date is set before Judge Olguin and counsel advise this clerk of said date. A Post-Mediation Status Conference is set for **September 10, 2012 at 8:30 a.m.**

Pursuant to the request of Plaintiffs counsel, the redacted version of document numbers 23, 57, 70, 76-5 and 79, will be provided to the clerk for replacement.

The above-entitled motions are continued to **September 10, 2012 at 8:30 a.m.**

**cc: ADR Program**

| | : | 30 |
|---|---|---|
| | Initials of Preparer | JG |

Federal court adjudication of a state law anti-SLAPP motion implicates the Erie doctrine. *Metabolife Int'l, Inc. v. Wornick*, 264 F.3d 832, 845 (9th Cir. 2001). Specifically, "[p]rocedural state laws are not used in federal court if to do so would result in a 'direct collision' with a Federal Rule of Civil Procedure." *Id.* (quoting *Walker v. Armco Steel Corp.*, 446 U.S. 740, 749-50 (1980)). Accordingly, the Ninth Circuit has held that certain procedural provisions of California's anti-SLAPP statute conflicts with the Federal Rules of Civil Procedure and cannot be applied in federal court.

For example, granting or denying leave to amend after a SLAPP motion has been filed is governed by Fed. R. Civ. P. 15(a) and not by California Code of Civil Procedure 425.16. *See Verizon Del. Inc. v. Covad Communs.*, 377 F.3d 1081, 1091 (9th Cir. 2004); *Greensprings Baptist Church v. Cilley*, 629 F.3d 1064, 1066 n. 1 (9th Cir. 2010).

Further, the actual and potential conflicts between California's anti-SLAPP procedural provisions and the federal rules result in a threshold inquiry: whether to consider the instant anti-SLAPP motion under a summary judgment standard or a motion to dismiss standard. If a defendant makes an anti-SLAPP motion to strike founded on purely legal arguments, then the analysis is made under Fed. R. Civ. P. 8 and 12 standards; if it is a factual challenge, then the motion must be treated as though it were a motion for summary judgment and discovery must be permitted. *See generally Metabolife Int'l, Inc.*, 264 F.3d at 845-46.